'[PHILADELPHIA, APRIL 22D, 1841.]

6 Wh 430
f 23 SC 331
6 Wh 430
30 SC 277

## BOWEN *against* DE LATTRE.

### IN ERROR.

In an action in the District Court by the payee against the maker of a promissory note, it was *held*, that an affidavit of defence in the same case made by the defendant under the act of 1835, in which he admitted the making of the note, might be read in evidence by the plaintiff as an admission of the fact of making the note.

Error to the District Court for the City and County of Philadelphia.

This was an action of assumpsit brought by Henry De Lattre against John T. Bowen, upon two promissory notes alleged to have been made by the defendant in favour of the plaintiff.

The plaintiff filed copies of the notes with an affidavit as follows:

"New York, October 31st, 1836.
Sixty days after date, I promise to pay to Henry De Lattre or order, the sum of one hundred dollars, value received.
$100 00.                                          J. T. Bowen."

"New York, October 31st, 1836.
Sixty days after date, I promise to pay to Henry De Lattre, the sum of ten dollars, value received.
$10 00.                                          J. T. Bowen."

"Henry De Lattre, the above named plaintiff, being duly sworn, declares and says, that sixty dollars, part and parcel of the above mentioned notes, was lent by him to the above defendant at his

special request, and was paid into his hands by a certain Mr. Valentine of the city of New York, on behalf of, and for the use of the plaintiff; and the residue of the said notes is for the likenesses of certain horses painted in oil colours, and sold to the defendant by the plaintiff at his special request; and that the whole of the said two notes, with interest according to the law of New York, is justly and truly due to the plaintiff from the defendant."

And the defendant filed an affidavit of defence in the following words:

" J. T. Bowen, the above named defendant, being duly sworn, says, that he has a defence against the plaintiff's claim in the above action, which defence is as follows, to wit: that no portion of the said plaintiff's demand in this action is, or can be for money loaned, as stated in his affidavit filed in the above cause, as deponent never borrowed any money of him, particularly the sum of sixty dollars set forth in said affidavit: that the promissory notes sued on in this action, copies of which are filed in this cause, were given by defendant to plaintiff for painting the portraits of Post Boy, Dussorus, and Veto, certain celebrated race horses, which portraits defendant, who is a lithographic print dealer, intended to use in his business by producing lithographic copies therefrom for sale: that said defendant received said portraits from plaintiff when finished, and gave said notes, upon the written guaranty of plaintiff that said portraits were good likenesses of said horses: that defendant proceeded to lithograph two of said portraits, to wit, Dussorus and Veto, and after incurring the expense of so doing, discovered that two of said portraits, to wit, those of Post Boy and Dussorus, were in fact caricatures, and that of Veto no likeness at all: that plaintiff had gone to some place unknown to defendant, at the south, previously to defendant's making this discovery, so that he, defendant, could not return or tender said portraits to him, but he offered to do so to the person who called as said plaintiff's agent, and presented the said notes for payment when due: that said portraits are unsaleable, and of no value whatever to defendant, who has sustained a considerable loss thereby, and the consideration of said notes has totally failed."

The plaintiff then declared upon the notes with the common counts for money lent, &c.

The defendant pleaded *non assumpsit;* upon which the cause came on for trial before STROUD, J., on the 6th of February, 1840, when the plaintiff's counsel not being able to prove the handwriting of the defendant to the notes, offered the affidavits of defence in evidence, as an admission that the notes were given by him.

The defendant's counsel objected to the admission of the affidavit; but the learned judge decided that the affidavit might be read. He

said that it could not be admitted to prove the mere fact for which the plaintiff's counsel introduced it; but that the whole matters contained in it must be submitted to the jury, who would give to them the weight they deserved.

The affidavit was then read, and the copies of the notes as filed.

Evidence was given on the part of the defendant: and the jury found for the plaintiff. Whereupon the defendant took this writ of error; and assigned for error the admission of the affidavit and copies of notes.

Mr. *Ingraham*, for the plaintiff in error, cited *Harrington* v. *Macmorris*, (5 *Taunt.* 228; 1 *Eng. Com. Law Rep.* 88.) 2 *Esp. N. P.* 602.

Mr. *Troubat* and Mr. *Desmond*, contra, cited *Jackson* v. *Harrow*, (11 *Johns. Rep.* 434.) 21 *Pick.* 243. *Clemson* v. *Davidson*, (5 *Binn.* 392.) *Phillips on Evid.* 89. *Bauerman* v. *Radenius*, (7 *Term Rep.* 664.) 4 *Campbell*, 4. *Newman* v. *Bradley*, (1 *Dall.* 240.) *Farrell* v. *M'Clea*, (*Id.* 392.) 9 *Peters*, 692. 3 *Atk.* 48. *Gresley Ch. Evid.* 323, 324.

The opinion of the court was delivered by

ROGERS, J.—As the parties to a suit are excluded from being witnesses, on account of their interest, declarations made by them are evidence, and in some instances, of the strongest kind. Of the latter description, the case before us furnishes a striking example. The suit is brought by the payee on two promissory notes, against the maker. The defendant pleads non-assumpsit, and on the trial requires proof of the execution of the notes; and the plaintiff not having a witness at hand competent to prove the execution, offers in evidence for that purpose the affidavit of defence filed under the act of the 28th of March, 1835, in which the defendant expressly states that he gave the notes sued upon, of which copies had been filed in the cause. If the same admission had been made, either verbally or in writing, it would have gone to the jury as competent proof, without objection; for the admissions of a party to the suit against his interest, are always received in favour of the other side. Nor is it material when or where the admission is made, nor in what form or suit, or whether before or after the commencement of the action, before arrest or after, or whether written or by parol. The only inquiry on the question of competency is, whether it is the confession or admission of the party really interested in the suit? On this principle, an answer in chancery being an admission of a party, the objection of *res inter alios acta* does not apply to it, as it does to other legal proceedings; and therefore it may be given in evidence

(Bowen v. De Lattre.)

in a suit at common law, by one who was not party to the suit in equity. *Peake E.* 55; 1 *Hayw.* 420. · *Bul. N. P.* 237. Analogous to this, a man's voluntary affidavit is admissible against himself, with the restriction that if offered as an *affidavit*, and not as a simple admission, when proof of the handwriting will suffice, it must be proved to be sworn. And when an affidavit is made in the course of another cause, it is receivable as evidence upon proof that such a cause was depending, and that it was used by the party. *Bul. N. P.* 338. In *Vandervoort* v. *Smith*, (2 *Caine's R.* 155,) it is decided, that the admission in a case merely for argument, is evidence against the party making it. And in *Vickayr's case*, (*Gilb. E* .51,) an action of covenant brought against two, the affidavit of one of them was given in evidence as an acknowledgment by both. And in *Jenkins* v. *Harrow*, (11 *John. R.* 434,) the affidavits filed in the cause, or rather copies of them, were admitted in evidence. And so far has the doctrine of admissions gone, that in *Faunce* v. *Gray*, (21 *Pick.* 243,) it was decided, that a deposition which could not be received as a deposition, because there was no notice, and because the deponent was a party to the record, might be used as an admission. But it is contended that the court erred in admitting the evidence; 1st, because the affidavits are compulsory, being filed under the provisions of the act of the 28th March, 1835; and secondly, because the affidavits are pleas, or are in the nature of pleas.

The second section of the act of 1835, referred to, authorises the court to enter judgment by default at a certain time therein prescribed, notwithstanding an appearance by attorney, unless the defendant shall previously have filed an affidavit of defence, stating therein the nature and character of the same. Whether the affidavit be filed depends upon the defendant himself; but admitting it to be in one sense compulsory, it is certainly not more so than an answer in chancery, which may, as we have seen, be used as evidence against the defendant, in an action brought by a plaintiff who was not a party to the proceedings in equity.

And as to the second objection. It is true, that where there are several counts in the same declaration, or several distinct pleas, an allegation in one count or plea, cannot be insisted on by an adversary as an admission of a fact for a purpose distinct from the proof of that count, or of the issue upon the plea; for every issue is to be distinctly tried: as for example, in trespass a plea of justification does not supersede the necessity of proving the trespass, where the general issue was pleaded. So the plaintiff cannot use one plea of the defendant for the purpose of proving a fact, which the defendant denies in another plea; nor can he use a notice of set-off as evidence of the debt, on the issue of *non-assumpsit*; and this is all that is decided in *Harrington* v. *Morris*, (5 *Taunt.* 228,) and in *Miller* v. *Johnson*, (2 *Esp.* 602,) so much relied on in the argument. The reason of the latter decision is, that the particular of set-off is consi-

(Bowen *v.* De Lattre.)

dered as incorporated with the notice of set-off, which is in the nature of a plea, and therefore a plaintiff cannot make use of a notice of set-off as evidence of the debt, under the plea of *non-assumpsit*, nor can he use a particular of set-off for that purpose, for it is incorporated with the notice. 5 *Taunt.* 228 ; 1 *Marsh.* 33. In Massachusetts, it is decided that if the defendant in an action of slander, plead the general issue, and also specially in justification that the words alleged to be spoken were true, the special plea may be relied on by the plaintiff on the trial of the general issue, as proof that the words were spoken, and he need not offer any other proof of the speaking. *Jackson* v. *Stiter and wife*, (15 *Mass. R.* 48.) *Alderman* v. *French*, (1 *Pick.* 1.) The weight of authority would however seem to be against this position. At any rate, it must be confined to the action of slander. 2 *N. Hamp.* 89. 2 *Phillips E.* and 97, note. But be this as it may, those cases are not analogous, because affidavits filed under the act of 1835, are neither pleas nor in the nature of pleas. The act requires an affidavit to prevent delay ; as without that a formal defence to obtain time would be made when the debt was justly due. It is an appeal to the conscience of the defendant, and will rarely be made unless the facts stated by way of defence comport with the truth of the case. If the party has no defence, a judgment according to the ordinary course is entered against him. Or if the defendant in his affidavit declares no legal defence, the court renders judgment against him. But the affidavit, as was the case when filed under a rule of court, has not the form of a plea, nor is it so in substance. An issue cannot be joined upon it either by replication, demurrer, or otherwise. As the object of all evidence is to elicit truth, there is nothing better calculated to attain that end, than to take as true against him, what a party has asserted in an affidavit made by himself deliberately, and filed as part of the proceedings in the cause. The difficulty is not as to its admissibility, but it may be doubted whether facts so stated should not be held conclusive, or in other words, whether a party should be permitted to avail himself of one state of facts, and on the trial put his case on a different and distinct ground, entirely inconsistent with the defence alleged in the affidavit.

Judgment affirmed.