## Anthony Mullen *v.* The Union Central Life Insurance Company of Cincinnati, Ohio, Appellant.

*Insurance—Life insurance—Agent—Application.*

Where an applicant for life insurance correctly informs the agent of the insurance company of other policies upon his life, and the agent in filling in the blank spaces in the application fails to mention certain of these policies, and the application is signed by the insured without its being read by or to him, the insurance company is bound by the omission or neglect of its agent, and cannot claim that the policy is invalid.

*Life insurance—Insurance by creditor—Evidence—Cross-examination.*

Where a beneficiary in a policy of life insurance is the brother of the insured, and in support of his claim as a creditor of her estate testifies to services rendered the insured during twenty years for which he says that he expected to be paid, although he had kept no account of them, it is not improper in cross-examination to ask him whether he had made any effort to collect his claim out of the estate of the insured.

*Life insurance—Insurable interest—Brother and sister.*

Not decided whether a brother has an insurable interest in the life of his sister, on the ground of kinship alone.

*Evidence—Affidavit of defense—Reading affidavit of defense not offered in evidence.*

It is reversible error for a trial court to permit counsel for plaintiff to read in his argument to the jury the affidavit of defense filed in the case, when such affidavit has not been offered in evidence by either side.

Argued April 13, 1897. Appeal, No. 149, Jan. T., 1897, by defendant, from judgment of C. P. Luzerne Co., Jan. T., 1893, No. 122, on verdict for plaintiff. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on a policy of life insurance. Before LYNCH, J.

At the trial the plaintiff testified that he had performed services for the assured, who was his sister, for about twenty years; that he had expected to be paid although he had kept no account of them. He was asked this question on cross-examination:

After she died did you endeavor to collect this money which you say she owed you, out of her estate? Objected to.

The Court: I do not see what that has to do with it, Mr. Palmer. Objection sustained, exception noted for defendant. Bill sealed. [1]

Counsel for plaintiff, in his closing address to the jury, proposed to read the defendant's affidavit of defense, and counsel for the defendant objected because the affidavit of defense and the files in the case had not been formally offered in evidence.

The Court: I think the affidavit is evidence, and counsel may read from it in his address to the jury. Exception noted for the defendant, bill sealed. [2]

The court charged in part as follows:

[The plaintiff has testified as to the service rendered by him for his sister for twenty-two years, and what they were. You will remember that he said that his services consisted in looking after her garden, hoeing it, raising garden truck for her, and some other services, and in shingling her house, and that his services were worth during that time at the rate of $6.00 a month. If you believe what the plaintiff has testified to on that subject, that he labored for this woman in the neighborhood of twenty-two years, and that his services were worth at the rate of $6.00 per month, then he was such a creditor as would give him an interest in the life of the sister at the time the insurance was

effected. If, however, you believe these services were gratuitous, that he never intended to charge her for the same, that he did not look upon her as his debtor, but it was a free gift of the services, then he would not be such a creditor. He testified on that subject that he did charge her for the services, or kept an account of that charge, I have forgotten the exact words, but it was not in a book; that he did intend she should pay, but he did not know how. It makes no difference whether he knew how or not, if he intended that she should pay him for the services, and I take it no matter whether he could enforce the claim against her in law or not, he would have such an interest in her life as would entitle him to maintain this action in this case, and, therefore, we do not think the court would be warranted in holding, as a matter of law, that this was a mere gambling policy upon the life in which the plaintiff had no interest.] [3]

[As to the second point of defense, the plaintiff and Andrew Weir, the agent, testified that the answers to the printed interrogatories were written by the agent of the company; that when he asked what other insurance there was on the life of Mary Howley, she mentioned the policy for $1,000, and the Metropolitan policies for $435, and that the agent had learned from other sources of this insurance, and that in writing the answers he, by mistake or otherwise, omitted to mention the Metropolitan policies, and that Mr. Weir did not read to them the answers which he had written in the application. You will inquire, did Mrs. Howley give truthful answers as to the other insurance on her life, and did the agent by mistake omit to insert the correct answer? Did she and the plaintiff sign the application through ignorance of the fact that the answers were incorrectly written, and was or was not the application read after the answers had been written by the agent? You will see the importance of this. If Mrs. Howley gave an untruthful answer; if she said she had $1,000 in the Prudential when she had in fact $1,000 in the Prudential and $435 in the Metropolitan, then it is such an untruthful answer as would prevent a recovery in this case. But if she gave a truthful answer to the agent of the company, she being an ignorant woman, unable to write at least, and the agent through mistake put down $1,000 instead of $1,435, and she, without having the policy read to her, or

without having the application and the answers read to her, signed the answers so incorrectly written down by the agent, it would not bar or prevent a recovery in this case. In other words, if it was the agent's mistake or fraud in writing down the answers, and not that of Mrs. Howley or the plaintiff here, and she and the plaintiff here signed the application, believing that her truthful answers were correctly written down, it would not bar a recovery, but if it was her untruthful answer, or even her mistake in giving an untruthful answer, the plaintiff could not recover.] [4]

[If you believe the evidence adduced upon the part of the plaintiff, and there is no other evidence in the case, you should find a verdict for the plaintiff for the amount of $1,500, and interest from October 9, 1892. Whether you believe the evidence or not is for you to decide. The credibility of the witness is for you to pass upon, and not for the court.] [5]

Verdict and judgment for plaintiff for $1,867. 50. Defendant appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2) permitting counsel to read affidavit of defense not offered in evidence; (3–5) above instructions, quoting them.

*H. W. Palmer* and *George Ramsay*, for appellant.—A witness having asserted a fact, it is competent to ask him, on cross-examination, if his conduct has been inconsistent with the fact alleged.

No paper can be properly read to the jury and be commented upon in a closing address by counsel, unless the same has been offered as part of the evidence in the case.

In case of a voluntary service performed without previous request, there is no sufficient consideration to support an implied assumpsit: Albany City Ins. Co. v. Whitney, 70 Pa. 248; Carman v. Noble, 9 Pa. 370; Cunningham v. Garvin, 10 Pa. 366; Bash v. Bash, 9 Pa. 260; Gordner v. Heffley, 49 Pa. 168; Hertzog v. Hertzog, 29 Pa. 465; Neel v. Neel, 59 Pa. 349; Butler v. Slam, 50 Pa. 456.

The general rule is that a party executing a legal instrument is presumed to be acquainted with its contents: Greenfield's Est., 14 Pa. 504.

*John T. Lenahan,* with him *Edward A. Lynch,* for appellee.—
The range of cross-examination must be left to the sound discretion of the trial judge, and the judgment will not be reversed
unless such discretion has been plainly abused : Bohan v. Avoca
Boro., 154 Pa. 404; Jackson v. Litch, 62 Pa. 451.

The court below was fully justified under the authorities in
permitting the affidavit of defense, which was part of the pleadings, to be read to the jury without being formally offered in
evidence : White v. Smith, 46 N. Y. 418 ; Wright v. Rogers,
Pennington (N. J.), 547 ; Hall v. Rupley, 10 Pa. 231 ; Kimble
v. Carothers, 81 Pa. 494.

The evidence was ample to sustain plaintiff's claim as a creditor : Curry v. Curry, 114 Pa. 371 ; Griffith's Est., 147 Pa.
279 ; Hare on Contracts, 228 ; Wharton on Contracts, sections
22, 719 ; Scott v. Dickson, 108 Pa. 6 ; Rawls v. Am. Mut. Life
Ins. Co., 27 N. Y. 288.

Aside from the question of the insurable interest as a creditor, under the abundant evidence adduced, appellee's counsel
strenuously and earnestly contend that the appellee had an
insurable interest in the life of his sister on the ground of kinship alone : Ins. Co. v. France, 4 Otto, 564 ; Keystone Mut.
Assn. v. Beaverson, 16 W. N. C. 188 ; Lord v. Dall, 12 Mass. 115.

Independent of the question of omitting to write the statement made to him by Mrs. Howley, that she was insured in
this company, he, as agent, had previous, clear, and absolute
knowledge of fact, and his knowledge was the company's knowledge and estops it from alleging the contrary : Caldwell v. Ins.
Co., 177 Pa. 502 ; Ins. Co. v. Eshelman, 30 Ohio, 657 ; Richards
on Ins. 96 ; Kister v. Ins. Co., 128 Pa. 553 ; Meyers v. Leb.
Mut. Ins. Co., 156 Pa. 420 ; Dowling v. Merchants Ins. Co.,
168 Pa. 234 ; Ins. Co. v. Williams, 39 Ohio, 584 ; Cheever v.
Life Ins. Co., 4 Am. Law Rec. 155 ; Equitable Life Ins. Co.
v. Hazlewood, 16 Am. State Rep. 904–7 ; Eckel v. Renner, 41
Ohio, 232.

OPINION BY MR. JUSTICE McCOLLUM, July 15, 1897 :

The plaintiff was the beneficiary named in the policy, and
the assured was his sister. On the trial the court, on the defendant's request, instructed the jury that the plaintiff had no
insurable interest in the life of his sister by reason of their re-

lationship. This instruction left the question of insurable interest to be determined on his evidence in support of his claim that he was a creditor of the assured. The learned court below thought, and so instructed the jury, that the evidence, if believed, was sufficient to sustain this branch of his contention. As the case is now presented to us it is not clear that the court erred in holding that it was for the jury to decide whether the plaintiff was a creditor of the assured when the policy was issued on her life for his benefit.

The court would not have been justified in taking the case from the jury on the ground of misrepresentation or concealment respecting the amount of insurance on the life of the plaintiff's sister when the application for the policy in question was made. The testimony of the plaintiff and of the agent of the defendant company was clear on this point, and to the effect that the assured in answer to the agent's interrogatories correctly stated the number and amount of the policies then held upon her life, and the names of the companies by which such policies were issued. The blank spaces in the printed application were filled by the agent, and it was his duty to insert in them the answers of the applicant to the questions formulated by the company he represented. It appears that he failed to mention in the application her policies in the Metropolitan Company, and that after he had completed the same it was not read by or to the assured or her beneficiary, both of whom relied on him to correctly insert in the proper places the answers to the questions addressed to her. Upon this omission or neglect of its agent the defendant company sought to escape liability on the policy, and it now complains of the rulings by which this branch of its contention was defeated. In these rulings we discover no error. A clear warrant for them will be found in Dowling v. Merchants Ins. Co., 168 Pa. 234, where the rule on this subject is clearly stated, and the authorities for it are cited by our Brother FELL.

The question whether the plaintiff had an insurable interest in the life of his sister " on the ground of kinship alone " is not on this record. No specification of error raises it, although the learned counsel for the appellee have devoted considerable space in their paper-book to the discussion of it. We do not regard it as properly before us and we, therefore, decline to consider it on this appeal.

As the case was tried in the court below the controlling question in it was whether the plaintiff was a creditor of the assured. He claimed that he was, and he relied on his own testimony to support the claim.   According to this testimony he commenced to work for his sister about twenty years before the policy in suit was issued on her life ; he built fences and shanties for her and an addition to her house; he chopped wood for her; he planted, hoed and dug potatoes, and put them in her cellar for her use, and he did, " everything that was needed to be done " for her comfort.   He testified that these services were worth at least $6.00 a month for each and every month of the twenty or more years in which they were rendered, and that he expected she would pay him for them, although he admitted that he kept no account of the work.   In this state of the testimony it was clearly competent for the counsel of the defendant company to ask him on cross-examination if he had made an effort to collect his claim out of her estate.   Any act or omission of the plaintiff inconsistent with his claim or with the testimony submitted to sustain it was pertinent to the issue, and therefore admissible, and so was a cross-examination of him directed to the development of a course of conduct incompatible with either.

The affidavit of defense was not offered in evidence, but the plaintiff, against the protest of the defendant, was allowed to read it to the jury in his argument upon the issues of fact. This, we think, was an unauthorized and improper use of it. The plaintiff had the affirmative of the issue and the closing argument.   He was thus permitted to discuss to the jury, as an item of evidence, a paper which had not been received or offered as such and which the defendant had no opportunity to explain. If it contained an omission or statement inconsistent with the defense made on the trial, and the plaintiff desired the benefit of the inconsistency, he should have offered the paper in evidence.   It was not an item of evidence in the case, and therefore the plaintiff had no right to read it or comment upon it to the jury.

We sustain the first and second specifications of error and overrule the other specifications.

Judgment reversed and venire facias de novo awarded.