Frederick C. Stockwell v. Andrew J. Loecher, Appellant.

*Evidence—Admission of entire record restricting purpose to the affidavit of defense.*

An affidavit of defense being admissible in evidence it was not error for the court to admit the entire record in evidence restricting the purpose of the offer to affidavit of defense as showing an admission by the defendant.

*Principal and agent—Rescission of contract—Province of court and jury.*

The authority of an agent to rescind a contract of sale between the parties is a question of fact for the jury. The question whether a certain letter written by the agent did or did not work a rescission is for the court.

VOL. IX—16

Argued Oct. 18, 1898.    Appeal, No. 70, Oct. T., 1898, by defendant, from judgment of C. P. No. 4, Phila. Co., March. T., 1898, No. 425, on verdict for plaintiff.    Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Assumpsit.    Before AUDENREID, J.

It appears from the record and evidence that one G. C. Seidel as agent for Andrew J. Loecher made an agreement in writing for the sale of certain premises for the price or sum of $7,350, on which amount $100 was paid at the time of the signing of the agreement, one condition of which was that the settlement was to be made within thirty days from the date thereof. After some delay Seidel notified A. E. Stockwell as attorney for George W. Smith, the vendee, stating that if $200 was not paid on July 13, 1895, the sale would be declared off.    Mr. Smith did not reply to the letter written by Seidel and did nothing one way or the other in reference to the properties until March 11, 1896, when demand for the return of the deposit money was made by A. E. Stockwell.    On March 24, 1896, the agreement to sell was transferred to Frederick C. Stockwell, the brother of A. E. Stockwell, agent for Mr. Smith and the attorney of record in this case.    F. C. Stockwell brought suit in his own name against Loecher for the return of the $100 deposit.    At the trial on February 23, 1898, plaintiff amended his pleadings so that they should read George W. Smith to the use of Frederick C. Stockwell, instead of Frederick C. Stockwell, and in the progress of the case the plaintiff offered the entire record of the case, including the original statement and other papers, as part of his case, calling particular attention to the affidavit of defense.    This offer was objected to by defendant.    Objection was overruled by the trial judge and the entire record of the case admitted.    The offer of the record was in effect restricted by the trial judge to the purpose of the affidavit of defense.    The trial judge left the question of the authority of the agent to rescind the contract of sale to the jury and refused to direct a verdict for the defendant.    In submitting the case to the jury the trial judge charged, inter alia, as follows :

[Loecher, by the affidavit of defense which he has filed in

this case, seems to have ratified the particular contract made on his behalf between Seidel and Smith, and that, I take it, is the evidence on the question of his authority to make the contract in the first instance. Seidel states that in matters of this kind a man who has the sale in his hands and is authorized to find a purchaser and make a contract of sale, has authority to attend to all details of closing the sale up or calling it off in the event that the purchaser does not perform his part in the time specified,] [5] and while he says that Mr. Loecher did not know that he was going to write that letter which he sent to Stockwell on the 11th of July, 1895, still the writing of that letter and the calling off of the deal was a thing he thought he had a right to do in view of his relationship with the defendant. Mr. Loecher denies this, and says that he never authorized the deal to be called off. You will have to determine whether under the evidence as you have heard it, Seidel had authority, as Loecher's agent, to write the letter which he did. [I think I can say to you as matter of law that the letter written by Seidel on the 11th of July, 1895, amounted to a rescission of that contract if, as a matter of fact—and that matter of fact is a thing which you must determine—Seidel had authority to send the letter.] [6]

Verdict and judgment for plaintiff for $115.45. Defendant appealed.

*Errors assigned* were (1) in permitting the plaintiff to offer the record of the case on trial in evidence. (2) In permitting plaintiff to offer in evidence statement of his claim filed of record. (3) In overruling defendant's objection to the offer of plaintiff's counsel to put in evidence the whole of the record in this case, including the plaintiff's statement of claim, demurrer, amended statement and other pleadings. (4) In refusing binding instructions for defendant. (5, 6) To portions of the judge's charge, reciting same.

*Clinton Rogers Woodruff*, with him *John A. Bickel*, for appellant.—As the trial judge permitted the plaintiff to offer in evidence the whole record in the case, including the original statement which the court had overruled on demurrer, he allowed evidence to go to the jury which the court in banc had previously ruled out of the case: Sennett v. Johnson, 9 Pa. 337.

Where evidence is offered as a whole and part of it is inadmissible, it is not error to reject the whole: Wharton v. Douglass, 76 Pa. 273.

Where a contract for sale goes off by default of the purchaser the vendor is entitled to retain the deposit: Ex parte Barrell, L. R. 10 Ch. App. Cas. 512; 23 Weekly Rep. 846.

Dart on Vendors, page 185, says: " It is usual and proper to insert a condition for a resale of the property and a forfeiture of the deposit in case the purchaser fail, etc., but even without such condition the vendor will be entitled to retain the deposit if the purchaser makes default; the deposit being not merely a part payment, but also an earnest of the performance of the contract," citing Ex parte Barrell, L. R. 10 Ch. App. Cas. 512, Best v. Hamand, L. R. 12 Ch. D. 1, Collins v. Stimson, L. R. 11 Q. B. D. 142, and Howe v. Smith, L. R. 27 Ch. D. 89, 101.

*W. H. Peace,* for appellee.—The assignments of error are not in proper form according to the rules of court. The first, second and third assignments of error do not quote the bill of exceptions, respecting the offer complained of.

The vice in the first assignment of error is, that it does not comply with Rule 17, in any particular.

The fourth assignment of error offends against Rule 24, which requires appellant to print his points, if any, submitted in writing to the court below. The bill of exceptions does not show that the appellant asked the judge to so charge, nor that he did decline any points. There is no exception to the refusal to so charge. The assignment is also defective in omitting to print the answer to such point, if there was one.

The fifth assignment of error relates to a portion of the charge of the court below, which particular portion was not excepted to, save that one general exception was noted to the whole charge, and in this assignment of error appellant gives or quotes but a part of the sentence of the portion of the charge complained of, leaving out of his assignment of error five lines which complete the sentence of the charge.

Appellee contends that this was an insufficient assignment, and not fair to the appellee, and should be disregarded under the ruling of this court: Com. v. Swayne, 1 Pa. Superior Ct. 547.

And in this connection it will be noticed that while there is an exception below to the whole charge, there is no assignment of error to the whole charge specifying that in any particular it is inadequate : Taylor v. Sattler, 6 Pa. Superior Ct. 229.

In determining the alleged errors raised by the fifth and sixth assignments of error, the theory upon which the parties below presented the case should not be lost sight of : Hartley v. Decker, 89 Pa. 470 ; Taylor v. Sattler, 6 Pa. Superior Ct. 229.

The question submitted was, " Had Seidel, the agent of the defendant who made the contract of sale, actually rescinded the contract? " This was a fact both sides permitted to go to the jury without requesting the court either to take the question from the jury entirely, or to charge them in any particular as to the effect of the evidence adduced. If the contract was thus rescinded by the vendor, of course the vendee was entitled to receive back his hand money paid on account: Hudson v. Reed, .5 Pa. 279.

Recurring again to assignments one, two and three from the offer of the record as made, it is apparent that its sole purpose was to show an admission in the affidavit of defense, and that was permissible under the authority of Bowen v. De Lattre, 6 Wharton, 430.

OPINION BY WILLIAM W. PORTER, January 18, 1899 :

The first three specifications of error relate to the admissibility of the following offer of evidence, " the plaintiff's counsel offers in evidence the record of this case and calls particular attention to the affidavit of defense for the purpose of showing the authority of Mr. Seidel." It will be observed that the purpose of the offer was to get the affidavit of defense before the jury. This might have been done by the offer of the affidavit alone, under the authority of Bowen v. De Lattre, 6 Wharton, 430. Objection, however, to the offer was not because of the purpose, but because of the form. The defendant complains because the whole record (including the statement of claim) was admitted. It was not shown that the defendant was in any way injured thereby. The offer was, in effect, restricted in purpose to the affidavit of defense, which was clearly admissible as evidence when offered by the plaintiff, as showing an admission by the defendant : Bowen v. De Lattre, supra. The first three assignments of error are without merit.

There was manifestly in this case, a question of fact, namely, as to the authority of the agent to rescind the contract of sale between the parties. The trial judge was therefore right in refusing to direct a verdict for the defendant. The fourth assignment is not sustained.

The letter of Seidel was held by the trial judge to be a rescission of the contract between Loecher and Smith. It was a writing which was for the court to construe. The construction placed upon it is the right one. In construing the paper the trial judge was careful to call the attention of the jury to the fact that the question of the authority to write the letter was for them. The sixth assignment of error is not sustained.

The defendant, Loecher, testified that Seidel had no authority to rescind the contract with Smith. Seidel testified, however, that he, in the course of the business in which he was employed as agent, believed that he had authority to act for Loecher in concluding or rescinding the contract. The further fact appeared that letters written by Seidel, extending the time for settlement, were approved by Loecher, and that Loecher did not repudiate Seidel's letter of rescission. A part of the charge applying to this branch of the case forms the subject of the fifth assignment. The sentence of the charge, concluding this assignment, is not complete. It is cut off at a point which excludes explanatory matter. Taking the part of the charge assigned, in connection with what follows, we are of opinion that no error was committed, as alleged in the fifth assignment.

All of the assignments are, therefore, dismissed, and the judgment of the court below is affirmed.