### CROSBY v. HAMMERLING.

#### SAME v. GENERAL LUBRICATING CO.

(Circuit Court, E. D. Pennsylvania. June 6, 1909.)

1. PARTNERSHIP (§ 199*)—CONTRACTS—ACTION FOR BREACH— NAME IN WHICH ACTION MUST BE BROUGHT.

A partner cannot maintain an action in his own name on a contract made by the partnership.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 362; Dec. Dig. § 199.*]

2. TRIAL (§ 34*)—PLEADINGS—NECESSITY OF OFFERING IN EVIDENCE.

An affidavit of defense filed under the Pennsylvania practice cannot be used in evidence to prove admissions by defendant, unless offered in evidence the same as other written instruments.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 87; Dec. Dig. § 34.*]

On Motions to Take Off Nonsuits.

Humbert B. Powell, for plaintiff.

J. L. Wetherill and Joseph Hill Brinton, for defendants.

J. B. McPHERSON, District Judge. With reference to the suit against the General Lubricating Company, it is enough, I think, to say in support of the compulsory nonsuit that the plaintiff brings the action as an individual, whereas the contract which lies at the base of his claim was made with the Crosby Lubricating Company, a partnership of which he was a member. On such a contract he cannot sue in his own name, as if he were the legal plaintiff. There are other objections, also, to his right to recover; but I shall not take time to discuss them.

The contract just referred to is equally fundamental to his success in the suit against Hammerling; but he failed altogether to prove that the sales alleged to have been made by Hammerling were such as the contract agreed should be made solely by the Crosby Company. The action is founded upon the theory that, although Hammerling was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] Reversed by stipulation in the Circuit Court of Appeals January 2, 1908.

a partner of the plaintiff in the Crosby Company, he violated his duty to the partnership by selling on behalf of the General Company certain grease which the General Company had agreed should be sold by the Crosby Company, and by that partnership alone, thereby depriving the Crosby Company of profits. It seems to be overlooked, however, that the authority that was given to its officers by the General Company at its corporate meeting of March 19, 1907, to enter into a contract with the Crosby Company for the sale of the General Company's grease, confined the exclusive sale thereof to transactions by the Crosby Company with "street railways and steam railroads." The contract executed by the officers of the General Company does not contain this limitation, and they exceeded their powers, therefore, so far as they attempted to make the Crosby Company "sole selling agents for the entire world," unless this phrase is so construed in the light of their instructions as to apply only to sales to "street railways and steam railroads." Now the sales by Hammerling in behalf of the General Company, which are somewhat vaguely referred to in the testimony, are not shown to have been made either to street railways or to steam railroads, and therefore the proof fails to establish that he violated his duty as a partner by entering a field to which the partnership had an exclusive right. In this suit, also, there are other objections to the plaintiff's claim; but I do not think it necessary to consider any other.

I may add that, so far as the affidavit of defense made by Hammerling is concerned, its contents are not properly before the court, because the affidavit was not offered in evidence at the trial. In Pennsylvania the office of such an affidavit is simply to prevent a summary judgment. Its contents may be competent evidence as admissions made by the affiant; but the paper must be offered in evidence in the same manner as any other written instrument, before the admissions are legally established. In Mullen v. Insurance Co., 182 Pa. 150, 37 Atl. 988, the Supreme Court of Pennsylvania held that:

"It is reversible error for a trial court to permit counsel for plaintiff to read in his argument to the jury the affidavit of defense filed in the case, when such affidavit has not been offered in evidence by either side."

It is said in the opinion:

"If it [the affidavit] contained an omission or statement inconsistent with the defense made on the trial, and the plaintiff desired the benefit of the inconsistency, he should have offered the paper in evidence. It was not an item of evidence in the case, and therefore the plaintiff had no right to read it or comment upon it to the jury."

See, also, Stockwell v. Loecher, 9 Pa. Super. Ct. 241.

The limited function of such an affidavit is well known in the state practice.

In each case the motion to take off the nonsuit is refused, and to this refusal an exception is sealed.