**CHARNE v. ESSEX CHAIR CO. et al.**

No. 75–50.

United States District Court
D. New Jersey.

July 28, 1950.

Perskie & Perskie, Atlantic City, N. J., Joseph X. Yaffe, Philadelphia, Pa., for plaintiff.

Seymour J. Solomon, Milton M. & Adrian M. Unger, all of Newark, N. J., for defendants.

MEANEY, District Judge.

Defendants have moved to dismiss the complaint in this action on the ground that the action is not between citizens of different states. 28 U.S.C.A. § 1332(a) (1). From the record it appears that plaintiff Charles Charne is a citizen and resident of Pennsylvania, that the defendant Essex Chair Company is a New Jersey corporation, and that Samuel Handel, trustee of Azalea Manufacturing Company, is a citizen and resident of New Jersey. Answers to interrogatories show that one of the partners of Salem Furniture Company is a citizen and resident of New Jersey.

In actions brought pursuant to the above provisions of the Judicial Code, it is clear that jurisdiction is lacking unless diversity of citizenship exists between all plaintiffs, on the one hand, and all defendants, on the other, at the time suit is instituted. Treinies v. Sunshine Mining Co., 308

U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85; Osthaus v. Button, 3 Cir., 1934, 70 F.2d 392. It is equally clear that diversity of citizenship cannot be attained by failure to join an indispensable party. Metropolis Theatre Co. v. Barkhausen, 7 Cir., 1948, 170 F.2d 481, certiorari denied 336 U.S. 945, 69 S.Ct. 812, 93 L.Ed. 1101. The question of jurisdiction, then, must be resolved by a determination of whether the partner, who is a citizen and resident of New Jersey, is an indispensable party plaintiff to this action.

 Rule 19(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. requires persons having a joint interest to be joined on the same side. Since jursidiction rests solely on diversity of citizenship, the nature of the absent partner's interest must be determined in the same manner as it would be determined in a New Jersey court. Kroese v. General Steel Castings Corporation, 3 Cir., 1950, 179 F.2d 760. In New Jersey, a cause of action accruing to a partnership is regarded as an intangible asset of the partnership so that all partners must join in an action to enforce such a claim. Buch v. Newsome, Supreme Court N.J. 1943, 129 N.J.L. 585, 30 A.2d 579. See also: Crane on Partnership, § 57. Under the Uniform Partnership Act, § 25, in effect in both New Jersey and Pennsylvania, N.J.S.A. 42:1–25, 59 P.S. § 72, a partner's interest in partnership assets is that of a co-owner. The absent partner's interest would therefore seem to be a joint interest within the meaning of Rule 19(a) such as would be directly affected legally by the adjudication. It would also seem to be inconsistent with equity and good conscience to attempt to dispose of the matter without his joinder. McArthur v. Rosenbaum Co. of Pittsburgh, 3 Cir., 1950, 180 F.2d 617. The conclusion follows therefore that the absent partner must be joined as a party plaintiff where the action is founded on a partnership claim. See: Vinal v. West Virginia Oil & Oil Land Company, 1884, 110 U.S. 215, 4 S.Ct. 4, 28 L.Ed. 124; Crosby v. Hammerling, C.C.Pa.1909, 170 F. 857; Buch v. Newsome, supra; Pennsylvania Rules of Civil Procedure, Rule 2127, 12 P.S.Appendix. Since such a joinder would defeat the jurisdiction of the court, the action will be dismissed with leave to amend the complaint to set forth a cause of action on behalf of the plaintiff in his individual capacity if such exists.

Settle order on notice.