## CARTER OIL CO. v. WOOD et al.
### Civ. A. No. 23–D.

District Court, E. D. Illinois.
Jan. 18, 1940.

Mary O. Martin, of Pana, Ill., for original defendants.

Parker, Bauer & Parker, of Effingham, Ill., for plaintiff bank.

Walter Davison and Craig & Craig, all of Mattoon, Ill., for Carter Oil Co.

LINDLEY, District Judge.

Plaintiff, a nonresident corporation, grantee in an oil lease from the First State Bank of Beecher, Illinois, brought suit to restrain defendant Charles L. Wood from interfering with its right as lessee to enter upon certain premises and develop them in oil production. Wood's wife was permitted to become a codefendant and the two answered, alleging that plaintiff was without title, for the reason, as they said, that the bank was not the owner of the property leased but merely a.mortgagee.

As a counterclaim defendants urged that the bank's title was held merely to secure their debt which they were ready and able to pay; that upon hearing the court should so find, order the tender accepted and cancel all apparent title in the bank and its lessee, the plaintiff. To the counterclaim plaintiff and the bank were made defendants. Plaintiff answered denying the allegations and averring good title in the bank. The letter answered similarly and filed also a motion to dismiss upon the ground, first, that the counterclaim had brought into the case the bank, a resident of Illinois, and had thereby invoked the jurisdiction of the federal court without diversity of citizenship or other basis for federal jurisdiction and, second, that, as the bank had conveyed certain interests in the real estate to three other parties, who are not made defendants to the counterclaim, the court lacks jurisdiction, for the reason that they are indispensable parties.

Rule 13 of the Rules of Civil Procedure promulgated by the Supreme Court, 28 U.S.C.A. following section 723c, in section (a), makes it mandatory for a defendant to file all counterclaims which he has against plaintiff arising out of the transaction or occurrence which is the subject matter of plaintiff's claim and do not require for adjudication the presence of third parties of whom the court cannot acquire jurisdiction. Paragraph (b) permits filing of any counterclaim against an opposing party even though it does not arise out of the transactions or occurrences which are the subject matter of the opposing parties' claim. The rule further provides that when the presence of additional parties is required for the granting of complete relief in the determination of a counterclaim, the court shall order them to be brought in as defendants, if jurisdiction of them can be obtained and if their joinder will not deprive the court of jurisdiction of the act. Paragraph (g) provides that a pleading may state as a crossclaim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter, either of the original action or of any counterclaim.

The rules did not increase the jurisdiction or affect the venue of actions in the United States courts. Rule 82. Paragraphs (a) and (b) of Rule 13 supercede and extend and enlarge Equity Rule 30, 28 U.S.C.A. following section 723. For all essential present purposes that rule is equivalent to paragraphs (a) and (b) of Rule 13.

Equity jurisprudence in the United States has always recognized the pro-

priety of cross bills, following the rule that a court of equity has jurisdiction of all cross or counterclaims growing out of and germane and ancillary to the plaintiff's cause of action, even though they could not be pleaded as independent suits within federal jurisdiction. To justify adjudication of a counterclaim, it was only essential that it be of a character making it necessary to realization of complete justice as to the subject matter of the original cause of action. Thus it has been repeatedly held that where the court has jurisdiction of a complaint seeking to protect property rights and a defendant claims a superior right therein, not only as against the plaintiff but as against co-defendants, a cross bill to that effect will be sustained even though as between the parties thereto, diversity of citizenship does not exist. Craig v. Dorr, 4 Cir., 145 F. 307; Federal Mining & Smelting Co. v. Bunker Hill & Sullivan Mining & Concentrating Co., C.C., 187 F. 474; Ames Realty Co. v. Big Indian Mining Co., C.C., 146 F. 166; Miller & Lux v. Rickey Land & Cattle Co. et al., C.C., 146 F. 574, affirmed 9 Cir., 152 F.11; Rickey Land & Cattle Co. v. Miller & Lux, 218 U.S. 258, 31 S.Ct. 11, 54 L.Ed 1032. This results from the reasoning that the jurisdiction of the court attaches upon the filing of the original bill of complaint and federal jurisdiction appearing therein, incidental to that jurisdiction in order to do complete justice between all of the parties, the court may and should entertain all cross bills or counterclaims relating to the subject matter relied upon by plaintiff and decide all questions necessary to a complete adjudication of all issues involved in the subject matter of the original bill. Campbell et al. v. Golden Cycle Min. Co., 8 Cir., 141 F. 610; Moore v. New York Cotton Exchange, D.C., 291 F. 681, affirmed 2 Cir., 296 F. 61; Id., 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370. The decision last cited is applicable not only to the propriety of cross bills but also to that of counterclaims growing out of the same subject matter covered by Rule 13.

It was once the rule apparently that new parties could not be brought in on cross bill, but the equity rules and those now in force did away with such limitation and expressly provide that new parties may be brought in. Consequently, the bank is properly made a defendant in the counterclaim here, and the court has jurisdiction of the subject matter of the counterclaim.

However, the bank further insists that inasmuch as it is a resident of the same state as the cross plaintiff, the federal court has no jurisdiction. But we have seen that a cross bill, and in the later practice, a counterclaim, filed by one defendant against his co-defendants, if the issue therein relates to the subject matter covered by the original suit and if the relief prayed is germane to a complete adjudication of the questions raised in the original bill, is properly filed even though there be no diversity of citizenship. Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Krippendorf v. Hyde, 110 U.S. 276, 4 S.Ct. 27, 28 L.Ed. 145; Root v. Woolworth, 150 U.S. 401, 14 S.Ct. 136, 37 L.Ed. 1123; Blake v. Pine Mt. Iron & Coal, 6 Cir., 76 F. 624; Rickey Land & Cattle Co. v. Miller & Lux, 218 U.S. 258, 31 S.Ct. 11, 54 L.Ed. 1032; Ames Realty Co. v. Big Indian Min. Co., C.C., 146 F. 166; Johnson v. Christian, 125 U.S. 642, 8 S.Ct. 1135, 31 L.Ed. 820. In other words, the jurisdiction of the court attaches upon the filing of the original bill, and any cross bill or counterclaim looking to a complete adjudication of the issues presented by the complaint, rests upon the original jurisdiction and is not affected by the citizenship of the respective parties. It follows that a counterclaim, being recognizable under the jurisdiction of the original suit, even though between co-defendants, becomes equally cognizable against third parties, brought in by virtue of the rule authorizing such action.

It is not necessary to decide in this case whether, if the counterclaim were not germane to the original suit but came within that class of counterclaims recognized by Equity Rule 30 as claims constituting independent suits in equity and by paragraph (b) of the new rule 13 as claims not arising out of the transactions which are the subject matter of the opponent's claim, it would be within the jurisdiction of the court, in the absence of diversity of citizenship. It has been held that such a counterclaim, not being ancillary to the original complaint, cannot derive jurisdiction from the original bill but must present such an action as the federal court would have jurisdiction of as an independent suit. Fletcher Cyc. of Federal Procedure, Secs. 880, 881, 883 and 1937 and 1938 Supplements thereto; Simkins Federal Practice, 1934 Ed., c. 101; 45 Yale L.J. 393, 410 et seq. But, it being clear that the counterclaim here presented grows out of,

is incidental, germane and ancillary to the original complaint, the court has jurisdiction of it as against the bank.

■ The bank further insists upon dismissal of the counterclaim because of the lack of presence of three of its grantees. Clearly these grantees claim to have an interest in the subject matter and a complete adjudication of the interests of all parties in the premises involved and a final disposition of all questions of title thereto can be had only if they are present. Under what has been said heretofore, their residence and citizenship are immaterial, in view of the fact that the counterclaim, when they shall have been brought in as defendants' thereto, will be incidental to and dependent upon the transactions and the occurrences involved in the subject matter of plaintiff's suit. Consequently to join them will not deprive the court of jurisdiction, and their nonjoinder is not excused by anything contained in Rule 13, paragraph (h) or in Rule 19, paragraph (b).

The court can dispose of the controversy between the plaintiff and defendants without the presence of such parties. They are not indispensable to determination of the issue raised by plaintiff's complaint, Montfort v. Korte, 7 Cir., 100 F.2d 615, but they are necessary to a complete adjudication of the questions raised by the counterclaim. Thus the situation is controlled by paragraph (b) of Rule 19, which provides that when persons who are not indispensable but who ought to be parties, if complete relief is to be accomplished between those already parties, have not been joined, are subject to the jurisdiction of the court and can be made parties without depriving the court of jurisdiction, it becomes the court's duty to order them summoned to appear in the action. Some discretion is reposed in the court, if its jurisdiction can be acquired only by consent or voluntary appearance or if their joinder would deprive the court of jurisdiction. Consequently the fact of the interests of the absent parties having been called to the attention of the court, it is its duty to comply with paragraphs (b) and (c) of Rule 19.

■ The motion to dismiss is overruled but counterclaimants will be ordered to take proper steps to make the other interested parties defendants and to secure personal service, or substituted service, if personal service cannot be secured. This being a suit to establish title to real estate, the parties not within the jurisdiction of the court may, under section 57 of the Judicial Code, 28 U.S.C.A. § 118, be brought in by substituted service. In the alternative, if any reason exists why such parties should not be joined, counterclaimants shall comply with paragraph (c) of Rule 19, setting forth the names of the parties and the reasons why, if any, they are omitted. Counterclaimants shall comply with this order within fifteen days of this date. In the absence of such compliance, the counterclaim of Wood et al. will be dismissed.