UNITED STATES v. MILHAN et al.
Civ. A. No. 13951.

United States District Court,
E. D. New York.
April 30, 1954.

**460**

Irving K. Rubin, New York City, for defendant Dorothea Milhan, for the motion.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by John W. Wydler, Asst. U. S. Atty., Garden City, N. Y., for plaintiff, in opposition.

RAYFIEL, District Judge.

The defendants Dorothea Milhan and Mae L. Lewis each moves to join the United Industrial Bank as a defendant herein, requiring it to answer the cross claim asserted in the answer of each of these defendants on the ground that its presence in the action is required if complete relief is to be obtained in the determination of the cross claims.

This is an action by the United States of America to foreclose certain liens for unpaid taxes assessed against the defendants Albert Milhan and Thea Milhan pursuant to sections 3670, 3671, 3678 and 3740 of the Internal Revenue Code, 26 U. S.C. §§ 3670, 3671, 3678, 3740, and 28 U.S.C. § 1345. The Government, alleging that these defendants were the owners of the fee in the premises known as No. 61 Lafayette Avenue, Brooklyn, New York, seeks to foreclose its lien on the property and asks for an adjudication of the priorities of the various parties holding liens thereon.

The defendant, Dorothea Milhan, was a tenant in common of the property with Albert Milhan and Thea Milhan, when the latter two borrowed $10,000 from the United Industrial Bank. To secure the repayment of the loan they executed, acknowledged and delivered to the said Bank a mortgage covering the said premises, in which the said Dorothea Milhan joined, and, as additional security for such repayment she deposited certain stocks and bonds with the Bank. All of this occurred prior to the filing of the Government's liens. The Milhans, having defaulted in the payment of the loan, the Bank sold the stocks and bonds, and applied the proceeds toward the payment of the debt. The defendant, Dorothea Milhan, now contends that, since the Bank used the collateral deposited by her to satisfy the obligation, she is entitled to an assignment of the mortgage given to the Bank.

The Government opposes the motions, contending that the Bank is not a nec-

essary party to the foreclosure proceeding, and has submitted, in the motion made by Mae L. Lewis, the affidavit of Herbert M. Cohen, the President of the Bank, in which he states that the mortgage has been paid, and that the Bank has executed and now has in its possession a certificate of the satisfaction thereof.

■ Rule 13(h) of the Federal Rules of Civil Procedure, 28 U.S.C. provides that "When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and there joinder will not deprive the court of jurisdiction of the action."

I believe that that rule should be liberally construed and that recourse may and should be had to it when necessary to avoid a multiplicity of suits and to dispose of, in one action, all matters arising from the same set of facts. Blair v. Cleveland Twist Drill Co., 7 Cir., 197 F. 2d 842.

■ I express no opinion, of course, concerning the merits of the claims made by the defendant Dorothea Milhan, but I believe that she is entitled to an opportunity to assert and establish her cross-claim against the Bank, and to an adjudication of her claim to priority over other holders of liens.

In any event, despite the affidavit of the President of the Bank, the said mortgage is still an incumbrance of record, and the Bank should be a party defendant so that the rights as well as the priorities of all lien holders may be determined.

Accordingly, the motion of Dorothea Milhan is granted. It is unnecessary to discuss the motion made by Mae L. Lewis for the same relief since the bank will be before the Court.

Settle order on notice.