**BLACK**

v.

**LONDON ASSUR. CO. OF LONDON, ENGLAND.**

**C. A. No. 1587.**

United States District Court
W. D. South Carolina,
Greenville Division.

July 3, 1954.

Poliakoff & Poliakoff, Aiken, S. C., for plaintiff.

Rainey, Fant & Brawley, J. Wright Horton, Greenville, S. C., for defendant.

WYCHE, Chief Judge.

The above case is now before me upon the motion of the defendant for an order bringing in Larry Dunham Company and Carlton E. Black as additional parties, and directing that summons be served upon each of them and requiring them to answer or otherwise plead to the defendant's counterclaim, pursuant to Rule 13(h), Federal Rules of Civil Procedure, 28 U.S.C.A., upon the following grounds: "1. The complaint in this cause is brought by George Edmond Black, Jr. against this defendant for the purpose of attempting to recover for a fire loss under a policy of insurance. 2. On the 30th day of March 1954, the defendant filed its answer in the above entitled cause. 3. The answer includes and contains a counterclaim for debt under a promissory note in writing and the foreclosure of a mortgage of real estate securing said note. 4. Complete relief cannot be granted to this defendant, on the counterclaim, without the joinder as parties to this cause of Larry Dunham Co. and Carlton E. Black for the reason that both are judgment creditors of record against George Edmond Black, Jr. in the county where the mortgaged premises is situated. 5. Larry Dunham Co. is a South Carolina corporation with its principal place of business at Greenville, S. C., and Carlton E. Black is a citizen and resident of the State of South Carolina; so that jurisdiction of the said additional parties can be obtained and their joinder will not deprive this Court of jurisdiction of the action."

The complaint alleges the execution and delivery of a fire insurance policy to

the plaintiff insuring his dwelling house against loss by fire in the sum of $4,500; that the said dwelling house was destroyed by fire and plaintiff asks judgment against the defendant for the amount of said loss; the insurance policy is made a party of the complaint.

Defendant, among other defenses, sets up a counterclaim in its answer, in which it alleges, that when the policy of insurance was issued and at the time of the fire loss, the Shenandoah Life Insurance Company, Inc. was the mortgagee named in the policy of insurance of the insured dwelling and the premises upon which it was located; that by virtue of the following provisions in defendant's policy of insurance, "if this company shall claim that no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery, but without impairing mortgagee's right to sue; or it may pay off the mortgagee debt and require an assignment thereof and of the mortgage", defendant, while disclaiming any liability to the plaintiff because of alleged policy violations, paid to the mortgagee Shenandoah Life Insurance Company, Inc., the amount of the mortgage indebtedness in full, in the amount of Three Thousand, Five Hundred, Ten and 91/100 ($3,510.91) Dollars, and on December 31, 1953, obtained a full and complete assignment of the note and mortgage securing it; that the defendant is now the owner and holder of said note and mortgage, and asks that said mortgage be foreclosed; that Larry Dunham Company and Carlton E. Black hold judgments against the plaintiff, junior in rank to defendant's mortgage, which are liens upon the property sought to be foreclosed.

Rule 13(h), Federal Rules of Civil Procedure, provides that when the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action.

■ Defendant's counterclaim arises out of the transaction or occurrence that is the subject matter of plaintiff's claim; it does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction or by their joinder would deprive the court of jurisdiction; the counterclaim is, therefore, a compulsory counterclaim. Rule 13(a), Federal Rules of Civil Procedure.

■ The presence of the judgment creditors is required for the granting of complete relief in the determination of defendant's counterclaim; the mortgage, alleged in defendant's counterclaim, cannot be foreclosed without the presence of the two judgment creditors. The court will align the parties according to their actual interest in the controversy for the purpose of determining whether federal jurisdiction exists upon the ground of diversity of citizenship. In this case the defendant claims that its mortgage is senior to the judgment creditors; had the defendant brought an original action to foreclose its mortgage it would have had to bring an action against the plaintiff and the two judgment creditors. Joinder of the two judgment creditors will not, therefore, deprive this court of jurisdiction and since this court has jurisdiction of the two judgment creditors the motion should be granted.

It is ordered, That Larry Dunham Company and Carlton E. Black be made defendants in the above entitled action, and that the summons and complaint, and defendant's answer and counterclaim, together with a certified copy of this order, shall be served upon each of them forthwith, and that they shall be required to answer or otherwise plead to defendant's counterclaim within 20 days after the service of the same upon them.