**UNITED ARTISTS CORPORATION,**
Plaintiff,

v.

**MASTERPIECE PRODUCTIONS, Inc.,**
Defendant-Appellant,

and

**Robert S. Benjamin, Arthur B. Krim, Seymour M. Peyser, Appellees.**

**No. 130, Docket 23169.**

United States Court of Appeals, Second Circuit.

Argued Feb. 10, 1955.

Decided March 25, 1955.

Harold M. Kennedy, New York City (Burlingham, Hupper & Kennedy and Robert A. Feltner, New York City, on the brief), for defendant-appellant.

Samuel J. Silverman, New York City (Paul, Weiss, Rifkind, Wharton & Garrison, New York City, on the brief), for appellees Benjamin, Krim, and Peyser.

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and SMITH, District Judge.

CLARK, Chief Judge.

In an action for copyright infringement and unfair trade practices involving the right to license motion pictures for television performance, Masterpiece Productions, Inc., a defendant, filed a counterclaim to which it sought to join certain other persons not then before the court. The district court held that the counterclaim, which alleged unfair trade practices and conspiratorial activities on the part of the plaintiff and additional defendants, was merely permissive and not compulsory. The court further found that the independent jurisdiction needed to sustain the permissive counterclaim

was lacking as to some of the additional defendants, who were of the same state as the defendant Masterpiece. Hence these additional defendants were dismissed from the suit, and the counterclaim was dismissed as to them. United Artists Corp. v. Grinieff, D.C.S.D.N.Y., 15 F.R.D. 395.[1] Defendant Masterpiece appeals from this disposition of its counterclaim.

The case is before us at this preliminary stage because Judge Kaufman in his order of dismissal determined, pursuant to F.R.C.P. rule 54(b), 28 U.S.C., that there was no just reason for delay and directed the clerk to enter final judgment dismissing the counterclaim as against these additional defendants, and dropping them from the action. Neither party here questions appealability; independently we reach a like conclusion and find that we have jurisdiction to hear the case. Boston Medical Supply Co. v. Lea & Febiger, 1 Cir., 195 F.2d 853; Williams v. Protestant Episcopal Theological Seminary in Virginia, 91 U.S.App.D.C. 69, 198 F.2d 595,

certiorari denied 344 U.S. 864, 73 S.Ct. 105, 97 L.Ed. 670; Lopinsky v. Hertz Drive-Ur-Self Systems, 2 Cir., 194 F.2d 422; Vale v. Bonnett, 89 U.S.App.D.C. 116, 191 F.2d 334; and see Committee Note to F.R. 54, Preliminary Draft of Proposed Amendments to Rules of Civil Procedure, May 1954, pp. 48, 49. The unanimity of opinion just indicated appears now to be broken by a late decision of a Ninth Circuit panel holding the rule inapplicable to a *single* "claim" against *multiple* parties to a conspiracy. Steiner v. 20th Century-Fox Film Corp., 9 Cir., 220 F.2d 105. This means that allegations of liability in damages against individual tort-feasors of course severally liable constitute but a single indivisible claim to the exclusion of this rule.[2] We think this altogether too strict a reading of a salutary and effective rule whose over-all validity seems now well established. Mackey v. Sears, Roebuck & Co., 7 Cir., 218 F.2d 295; Bendix Aviation Corp. v. Glass, 3 Cir., 195 F.2d 267, 38 A.L.R.2d 356; and authorities cited supra.[3] Hence we conclude that a case

---

**1.** Ruling as to the additional defendants not directly involved in this appeal, Matthew M. Fox, Racine Television Corporation, and Motion Pictures for Television, Inc., had been held in abeyance pending our decision in this case.

**2.** The court, after pointing out that the complaint there charged a conspiracy, went on to say that such an allegation stated but a single claim under F.R. 8(a), citing F. L. Mendez & Co. v. General Motors Corp., 7 Cir., 161 F.2d 695, 696, certiorari denied 332 U.S. 810, 68 S.Ct. 111, 92 L.Ed. 387. But F.R. 8(a) does not help, for it states only the minimum requirement for the allegations of a complaint—obviously supplied by a claim against any one tort-feasor—and does not deal with the extent or breadth of a claim. The controlling thought is perhaps more nearly indicated by the citation of the Mendez case, for that was "a question of identity of causes of action" involving a plea of res judicata by a single defendant; and the court there took occasion to quote United States v. Memphis Cotton Oil Co., 288 U.S. 62, 67, 53 S.Ct. 278, 77 L.Ed. 619, as to the variable meaning of the famous but slippery phrase. Recalling the well-known at-

tempts of the Advisory Committee to eschew its use, as well as the ancient debates as to its contents, particularly with respect to varying parties, see discussion and citations in Clark, Code Pleading 127, 139, 140, 146–148 (2d Ed.1947), it seems quite inappropriate to resurrect this concept to limit the operation of a desirable discretionary rule. The inclusive nature of the rule, referring also to claims by way of counterclaim, cross-claim, or third-party claim, as well as its policy, would suggest its applicability to a claim against each of many tort-feasors.

**3.** In Chief Judge Duffy's persuasive opinion in Mackey v. Sears, Roebuck & Co., 7 Cir., 218 F.2d 295, he expresses concern that Chief Judge Stephens has disclosed some doubts in Gold Seal Co. v. Weeks, 93 U.S.App.D.C. 249, 209 F.2d 802. We do not read this latter case as going thus far; but in any event what is said must be taken as dictum, since there in issue was clearly but a single unitary claim affecting one defendant, as to which there would seem no doubt that the rule is inapplicable, as indeed we held Per Curiam in Leonidakis v. International Telecoin Corp., 2 Cir., 208 F.2d 934. See also Telechron, Inc. v. Parissi, 2 Cir., 197 F.2d 757, 759, and note 2.

like this one involving a number of tort-feasors who are jointly and severally liable concerns multiple claims so as to come within F.R. 54(b). Accordingly the issue is properly before us.

■ The crucial question on this appeal is whether the counterclaim here pleaded is properly to be viewed as compulsory or as merely permissive. A counterclaim is compulsory under F.R. 13(a) "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." In practice this criterion has been broadly interpreted to require not an absolute identity of factual backgrounds for the two claims, but only a logical relationship between them. Lesnik v. Public Industrials Corp., 2 Cir., 144 F.2d 968, 975, citing and quoting, inter alia, Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750, thus: " 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." See also Blair v. Cleveland Twist Drill Co., 7 Cir., 197 F.2d 842, 845; Wright, Estoppel by Rule: The Compulsory Counterclaim Under Modern Pleading, 38 Minn.L.Rev. 423, 440–445, 39 Iowa L.Rev. 255; 3 Moore's Federal Practice ¶ 13.13 (2d Ed.1948 and 1954 Supp.).

■ Here, the television rights at stake depended upon a number of considerations, of which interpretation of a prior contract—stressed by the district court—was only one. Defendants interposed a number of affirmative defenses, including that of estoppel. The plea of estoppel alleged that the additional defendants Benjamin, Krim, and Peyser, now in control of the plaintiff corporation, had at one time acted as counsel for defendants in the acquisition of the very rights here at issue. The counterclaim is related to this estoppel argument, since it charges that Benjamin, Krim, and Peyser conspired to de-prive defendants of their rights in order to cement their own position in control of the plaintiff corporation. This lawsuit was alleged to be one of a series of harassing maneuvers designed to interfere with defendants' proper exploitation of rights acquired on the advice of the additional defendants. We think that these pleadings disclose a sufficient logical relationship so that, in the interest of avoiding circuity and multiplicity of action, the counterclaim should be considered compulsory under the authorities cited above.

■ Jurisdiction over compulsory counterclaims is ancillary to the original jurisdiction of the district court. Moore v. New York Cotton Exchange, supra, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750; Hartley Pen Co. v. Lindy Pen Co., D.C.S.D.Cal., 16 F.R.D. 141; Lewis v. United Air Lines Transport Corp., D.C. Conn., 29 F.Supp. 112; and see Shulman and Jaegerman, Some Jurisdictional Limitations on Federal Procedure, 45 Yale L.J. 393, 418; Note, The Ancillary Concept and the Federal Rules, 64 Harv. L.Rev. 968; Dobie & Ladd, Cases and Materials on Federal Jurisdiction and Procedure 291–301 (2d Ed.1950); Hart & Wechsler, The Federal Courts and the Federal System 942, 943 (1953). That means that, at least as to the original parties, no independent jurisdictional basis for the counterclaim need be shown. The issue now before us is whether this same principle should carry over to cover third parties joined to the counterclaim. This involves an examination of F.R. 13(h).

■ F.R. 13(h) provides: "When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action." While a few district courts

have limited this provision to indispensable parties, see Kuhn v. Yellow Transit Freight Lines, D.C.E.D.Mo., 12 F.R.D. 252; Edwards v. Rogers, D.C. E.D.S.C., 120 F.Supp. 499, the majority view, which we believe to be the better one, has been that joinder of all necessary parties is authorized. Carter Oil Co. v. Wood, D.C.E.D.Ill., 30 F.Supp. 875; Pierce Consulting Engineering Co. v. City of Burlington, Vt., D.C.Vt., 15 F.R.D. 23; United States v. Milhan, D.C.E.D.N.Y., 15 F.R.D. 459; General Cas. Co. of America v. Fedoff, D.C.S.D. N.Y., 11 F.R.D. 177; United States v. Dovolis, D.C.Minn., 105 F.Supp. 914. Since the additional defendants Benjamin, Krim, and Peyser are certainly necessary parties to this lawsuit, see F.R. 19(b); 3 Moore's Federal Practice ¶ 19.07 (2d Ed.1948); Note, 65 Harv.L. Rev. 1050, and since concededly they were duly served, the district court erred in dismissing them unless their joinder would have deprived the court of jurisdiction over the subject matter.

We conclude that, in the case of a counterclaim which is compulsory, ancillary jurisdiction should extend to additional parties, regardless of an ensuing lack of diversity. This is the position taken by the commentators, Shulman and Jaegerman, Some Jurisdictional Limitations on Federal Procedure, supra, 45 Yale L.J. 393, 418, and the few courts which have ruled on the question. Carter Oil Co. v. Wood, supra, D.C.E.D. Ill., 30 F.Supp. 875; King v. Edward B. Marks Music Corp., D.C.S.D.N.Y., 56 F.Supp. 446; and see Black v. London Assur. Co. of London, England, D.C.W.D. S.C., 122 F.Supp. 330, where the court arrived at the desired result through realignment of the parties. We ourselves

have come to the same conclusion in the past on the similar issue of venue requirements for additional defendants, see Lesnik v. Public Industrials Corp., supra, 2 Cir., 144 F.2d 968, and with respect to impleader of third-party defendants under F.R. 14. Friend v. Middle Atlantic Transp. Co., 2 Cir., 153 F.2d 778, 779–780, certiorari denied 328 U.S. 865, 66 S.Ct. 1370, 90 L.Ed. 1635.[4] A liberal attitude toward the inclusion of parties is a necessary concomitant to the liberalized third-party practice authorized by the Federal Rules of Civil Procedure. The presence of these defendants is necessary to a complete adjudication of the issues involved in this litigation, which should not be retried at another time in another forum.

Nothing in F.R. 13(a) compels a different result. True, that rule excludes from its definition of compulsory counterclaims those which require for their adjudication "the presence of third parties of whom the court cannot acquire jurisdiction." This restriction should be limited to cases of inability to obtain personal jurisdiction over the additional defendants. Basic considerations of fairness dictate that potential parties cannot be forced to enter litigation without due service of process upon them and that the compulsory counterclaim must be limited to permit of the operation of this principle. But the parties themselves can neither extend nor limit the court's jurisdiction over the subject matter once it is correctly invoked in the original action.

The dismissal of Benjamin, Krim, and Peyser is therefore reversed, and they must again be made parties to defendants' counterclaim.

Reversed and remanded.

**4.** A recent contrary decision in the Fifth Circuit can perhaps be distinguished on the ground that the court there did not consider the counterclaim compulsory. Reynolds v. Maples, 5 Cir., 214 F.2d 395.