Peter P. ZION and Leonard A. Green, formerly co-partners trading as Peter P. Zion-Leonard A. Green, Appellants,

v.

SENTRY SAFETY CONTROL CORPORATION.

Peter P. ZION, David F. Kaliner and Leonard A. Green, formerly co-partners trading as Zion, Kaliner and Green, Appellants,

v.

SENTRY SAFETY CONTROL CORPORATION.

Nos. 12373, 12374.

United States Court of Appeals Third Circuit.

Argued Feb. 17, 1958.

Reargued June 11, 1958.

Decided Aug. 7, 1958.

Henry T. Reath, Philadelphia, Pa., Stewart Lynch, Wilmington, Del. (Hastings, Lynch & Taylor, Wilmington, Del., Duane, Morris & Heckscher, Philadelphia, on the brief), for appellants.

Edwin P. Rome, Philadelphia, Pa. (Morris L. Weisberg, Philadelphia, Pa., Blank, Rudenko & Klaus, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN, KALODNER, STALEY, and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

The appeals at bar require us to determine whether the court below properly applied Rule 13(a),[1] Fed.R.Civ.Proc., 28 U.S.C., relating to compulsory counterclaims. On June 25, 1956, Sentry Safety Control Corporation (Sentry) sued Zion individually at CA No. 20,946 in the court below alleging that he had breached fiduciary duties owed by him to Sentry as counsel and director by causing Blue Ridge Sanitary Corporation (Blue Ridge), a stranger corporation insofar as the record shows, to assign to him 25,000 shares of Sentry's stock in fraud of Sentry. The complaint prays for an accounting and for the return of the shares.

On December 26, 1956, the law partnership of Zion, Kaliner and Green and the law partnership of Zion and Green, brought suits in the Court of Common Pleas of Philadelphia County, for compensation for legal services alleged to have been rendered by them to Sentry from January 1 to December 31, 1951, and from January 1, 1954 to July 1, 1955, respectively. The suits were removed to the court below at CA Nos. 21,935 and 21,936. Thereafter Sentry filed motions to dismiss both suits on the ground that they set out compulsory counterclaims which, under Rule 13(a), had to be pleaded at CA No. 20,946. The court below granted the motions on the ground that there was a "logical relationship"[2] between the Zion partnerships' claims and Sentry's claim against Zion individually.[3] The appeals at bar followed.

In order for a counterclaim to be compulsory within Rule 13(a) the pleader's claim must not only arise out of a transaction logically related to that which the opposing party has asserted, but also the claim which is to be asserted by counterclaim must be one which the pleader himself has. Putting to one side the issue of logical relationship in the case at bar, for we need not decide it, we conclude that the Zion partnerships' claims which Sentry insists must be pleaded under Rule 13(a) are not claims which Zion himself possesses individually. The law of Pennsylvania compels this result and that law is determinative. Jurisdiction in the instant cases at CA Nos. 21,935 and 21,936 in the court below (and indeed in the case brought by Sentry against Zion at CA No. 20,946 in the court below) is based on diversity. Rule 17(b), Fed.R.Civ.Proc., 28 U.S.C., provides that the capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile; that the capacity of a corporation to sue or be sued shall be determined by the law of the state of its incorporation; and that in all other cases capacity to sue or be sued shall be determined by the law of the state in which the district

---

1. Rule 13(a) provides: "Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

2. The court below filed a brief opinion not reported for publication.

3. See 3 Moore, Federal Practice 33 (2d Ed. 1948) and United Artists Corp. v. Masterpiece Productions, Inc., 2 Cir., 1955, 221 F.2d 213.

court is held except that a partnership or other unincorporated association, which has no such capacity by the law of the state in which the district court sits, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States. The instant appeals do not involve the Constitution or laws of the United States. Sentry is a Delaware corporation but that operative fact need not concern us now. What is important at this stage of the proceedings is that Zion and his partners are domiciled in Pennsylvania and the suits at bar were brought in the Eastern District of Pennsylvania.

The law of Pennsylvania in this respect is settled by the decision of the Supreme Court of Pennsylvania in Dickerson v. Dickersons Overseas Co., 1952, 369 Pa. 244, 85 A.2d 102, which, though dealing primarily with set-offs, nonetheless presents an analogy vital for the disposition of the appeals at bar for counterclaims are specifically ruled upon therein. Under the Pennsylvania law the cause of action to be counterclaimed must be against and between the same parties and between them in the same capacity.[4] Zion has been sued both as a director of, and counsel for Sentry. No differentiation is made in the complaint at No. 20,946[5] between his respective fiduciary capacities. It is not alleged that any of his partners were Sentry counsel or directors. Indeed, no mention at all is made of Zion's partners.

Under the Pennsylvania law individual partners have no title to partnership assets or claims for title in the partnership and the interest of each partner is a resulting interest, the value of which can be ascertained only by an accounting. Clarke v. Slate Valley Railroad, 1890, 136 Pa. 408, 20 A. 562, 10 L.R.A. 238. See also the Pennsylvania Uniform Partnership Act, 59 P.S.Pa. Section 13. It follows that Zion did not possess any individual claim which he could have exerted against Sentry by way of counterclaim.

Moreover under the law of Pennsylvania the identity of the individual member of a partnership is diverse from that of the partnership. Dickerson v. Dickersons Overseas Co., supra; McConnell & Breiden v. Lee Templeton Motor Co., 1952, 68 Montg. Co. Law Rep'r, Pa., 215. Zion's identity is diverse from those of his partnerships. It has been uniformly held in Pennsylvania from the earliest times to the present that where a debt is due a partnership suit to collect it cannot be maintained by one partner alone. Schnader v. Schnader, 1856, 26 Pa. 384; Crosby v. Hammerling, C.C.E. D.Pa.1909, 170 F. 857; Pa.R.C.P. No. 2127(a), 12 P.S.Pa.Appendix. Compare Sigler v. Kingston Nat'l Bank, 1952, 85 Pa.Dist. & Co.R. 434.

It follows that the action sought to be maintained against Zion by Sentry and by Zion and his two groups of partners (which are not even identical) against Sentry are not against and between the same parties and between them in the same capacities. Dickerson v. Dickersons Overseas Co., supra. We conclude, therefore, that the Zion partnerships' claims do not fall within the purview of Rule 13(a) and that the court below erred in granting the motions to dismiss the suits at bar. Nor do we reach the complicated issues presented by the fact that the Zion partnerships' suits were commenced in the Court of Common Pleas by foreign attachments.

---

4. See also McConnell & Breiden v. Lee Templeton Motor Co., 1952, 68 Montg. Co. Law Rep'r., Pa., 215, and Pa. R.C.P. No. 1031, 12 P.S.Pa.Appendix.

5. In his answer by way of a "second defense" Zion asserts that 100,000 shares of Sentry's stock was given to him and "other members of his law firm" in compensation for their legal services to Sentry. The constituencies of the partnerships are not specified and it is not shown which partners, other than Zion himself, were so compensated. It may also be pointed out that none of the services alleged to have been rendered were rendered allegedly in connection with the sale of Blue Ridge's assets to Sentry.

What we have said is not in derogation of the "logical relationship" rule, United Artists Corp. v. Masterpiece Productions, Inc., 2 Cir., 1955, 221 F.2d 213. As we have said we do not reach that issue.

The judgments will be reversed.

GOODRICH, Circuit Judge (dissenting).

While disagreement on so technical a subject as the application of the rule concerning compulsory counterclaim is not one to raise an emotional thermometer, Judge McLaughlin and I feel that we should set out the view opposed to the majority of the Court.

The center of the controversy is, of course, Rule 13(a). Moore tells us that the compulsory counterclaim rule has been given a liberal construction[1] and the criterion to be applied is "any claim that is logically related to another claim that is being sued on is properly the basis for a compulsory counterclaim * * * "[2]. The "logical relationship" concept has been recently applied, with citation of numerous authorities, in United Artists Corp. v. Masterpiece Productions, 2 Cir., 1955, 221 F.2d 213, 216.

The appellants admit the "logical connection" rule, as indeed they must, but they say there is no logical connection here. Sentry's suit is against Zion as counsel and director of Sentry and is based upon a claimed breach of fiduciary relationship. That, Zion says, has no logical connection with the ordinary claim for legal services brought by two partnerships in each of which Mr. Zion was a member and for services rendered subsequent to the alleged breach of duty on the part of one of the partners. The appellee responds that this analysis of the case omits the points raised in the Zion answer to Sentry's suit. We quote the summary in Sentry's words:

"(a) In consideration for the issuance to Zion of 25,000 shares, Zion agreed that Sentry should be relieved of part of the sum owing for legal services.

"(b) Sentry, recognizing that the issuance of the said 25,000 shares did not compensate Zion in full for legal services voted *to issue to Zion and other members of his law firm* 100,000 shares of Sentry's common stock in payment of the balance owed to Zion *and the other members of his law firm.*

"(c) Zion agreed on behalf of himself *and the other members of his law firm* to accept said 100,000 shares in payment of the balance due them for compensation for services rendered to Sentry.

"(d) Zion *and the other members of his firm* agreed upon a division of the 100,000 shares of Sentry's stock."

We think we are entitled to look at all the pleadings in endeavoring to give an answer to the question whether there is logical connection between the opposing claims. E. J. Korvette Co. v. Parker Pen Co., D.C.S.D.N.Y.1955, 17 F.R.D. 267, 269. On this issue we are convinced that there is such logical connection and for the very reason given by the appellee, Sentry.

The appellants urge another point. They say that the suits removed from state courts should not be dismissed for failure to assert them as counterclaims because they were started under a state practice in which a partnership claim is not a compulsory counterclaim to an action brought against a partner as an individual. So, it is argued, that being the situation in the state court, we should consider the situation to have "jelled" there and when the suits by the partnerships are removed to federal court, willy-nilly, their respective positions in litigation should not be changed thereby.

Rule 81(c), Fed.R.Civ.P. is urged in support of this position. But we are dealing here with the effect of things which occur after removal, namely, motions to dismiss for failure to assert a counterclaim. As to such matters the

[1]. 3 Moore, Federal Practice 34 (2d Ed. 1948).

[2]. Moore, op. cit. supra at 33.

federal rules govern. Kuenzel v. Universal Carloading & Distributing Co., D.C. E.D.Pa.1939, 29 F.Supp. 407. Rule 81, therefore, is being followed in this case.

As to the members of the Zion partnership not yet in federal court, there is no difficulty. As Judge Kirkpatrick pointed out, the other partners to the two Zion partnerships may be joined under the liberal provisions for which the federal rules provide and they are subject to the jurisdiction of the court.

Judge McLAUGHLIN authorizes me to say that he agrees with this dissent.