362 F.2d 928
 Charles E. ALBRIGHT and Vernie Albright, Appellants,
v.
Theodore J. GATES, Jane Gates, Milton J. Porter, Carmel
Porter, Jacqueline C. Loos, and Tulsa United
Petroleum, Inc., an Oklahoma
corporation, Appellees.
 No. 19256.
 United States Court of Appeals Ninth Circuit.
 June 21, 1966.
 
 Zad Leavy, Beverly Hills, Cal., for appellants.
 James F. Nelson, Hightower & Nelson, Los Angeles, Cal., for appellees.
 Before CHAMBERS, POPE and BARNES, Circuit Judges.
 CHAMBERS, Circuit Judge.
 
 
 1
 William Clark is involved in a controversy with the Albrights over oil securities purchased by the latter. Clark reached the courthouse first.
 
 
 2
 Alleging diversity, Clark sued the Albrights for slander, the words of which supposedly concerned Clark's oil security selling operations. The Albrights responded with a counterclaim against Clark for the price paid for alleged worthless oil rights or securities sold to the Albrights. As between Clark and the Albrights, it would seem obvious that the counterclaim was not less than permissive. The district court ruled that the counterclaim should stand as to Clark, and he has not appealed.
 
 
 3
 But the story does not stop at this point. Ex parte, the district court permitted the addition as defendants under the counterclaim the appellees Theodore Gates, Jane Gates, Milton J. Porter, Carmel Porter, Jacqueline C. Loos, and Tulsa United Petroleum, Inc.,[1] none of which had theretofore been parties to the case.
 
 
 4
 Clark, the original plaintiff, and Tulsa United Petroleum are citizens of Oklahoma. All other parties are citizens of California.
 
 
 5
 The counterclaim asserts group responsibility of Clark and the new parties for fraudulent representations which caused the Albrights to part with their money far above the ten thousand dollar minimum jurisdictional requirement in diversity cases. Relief by way of damages and rescission is requested.
 
 
 6
 Clark and the new defendants on the counterclaim answered with sort of an old-fashioned general denial. Thereafter, they made a motion to dismiss the counterclaim, asserting that the counterclaim was not compulsory and therefore should be dismissed. Eventually, the district court let the counterclaim stand as to Clark, but dismissed it as to the new parties. An interlocutory appeal was authorized upon the district court's certificate of advisability.
 
 
 7
 We reverse, and hold there is ancillary jurisdiction as to the new parties for the case to proceed. We find sufficient identity or overlapping of the events of the factual background to put the whole together as a transaction. And the result certainly goes far toward avoiding multiplicity of suits and duplication of judicial effort.
 
 
 8
 We hold that under Rule 13(a), Federal Rules of Civil Procedure, the counterclaim was a compulsory one both as to Clark and as to the new parties. Here the availability of the new parties is evident.
 
 
 9
 In deciding what is a transaction, we take note that the term gets an increasingly liberal construction. Two bundles of facts seldom are identical for comparing 'transactions,' and so close judgments must be made from time to time.
 
 
 10
 In the conclusion we reach, we are greatly influenced by United Artists Corp. v. Masterpiece Productions, 2 Cir., 221 F.2d 213.
 
 
 11
 Reversed.
 
 
 
 [1]
 The Albrights also named Does I through V as defendants on the counterclaim. There is no indication that such parties exist and they should go out of the case