John S. COLE, Plaintiff,

v.

Theo L. LANE et al., Defendants.

Civ. A. No. 74–742.

United States District Court,
D. South Carolina,
Florence Division.

Aug. 13, 1975.

**616**

Louis L. Lesesne, Jr., of Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., for plaintiff.

H. Simmons Tate, Jr., of Boyd, Knowlton, Tate & Finlay, Columbia, S. C., for defendants.

## ORDER

HEMPHILL, District Judge.

This action, alleging racial discrimination, is brought by a former school administrator against the Chesterfield County School District and its officials. The defendants asserted two counterclaims: one for damages resulting from the alleged mishandling of public funds and another for an accounting of a "special fund" allegedly maintained by plaintiff while serving as a school administrator. Plaintiff moved to dismiss the counterclaims or, in the alternative, for summary judgment on the counterclaims. The motion is based on the grounds that the counterclaims fail to state a claim upon which relief can be granted and that the court lacks jurisdiction over the subject matter.

## STATEMENT OF FACTS

In 1968, Chesterfield County School District was created as a result of merger of six smaller school districts in the county. Plaintiff, who had been a federal funds administrator in one of the constituent districts, was appointed, on July 1, 1968, Supervisor of the Utilization of Equipment in the new, combined school district. He remained in that position until May of 1970, at which time he was notified that his position would be terminated. Plaintiff was not offered, nor did he immediately request, another assignment within the school district. Defendant maintains that no offer was made because of alleged inefficiencies in the performance of his duties and because of two alleged financial misdealings.

The first counterclaim alleges that in 1968, while plaintiff served as coordinator of federal funds for the constituent district, he forwarded an invoice from Oddo Publishing Company, certified as having been "paid", to the Title II office of the State Department of Education and requested reimbursement from that office for the expenditure. The invoice was approved and the requested reimbursement made. Defendant further alleges that plaintiff failed to utilize any portion of the funds received as payment to Oddo Publishing and instead diverted them to pay an unapproved invoice of a second publisher. As a consequence, the defendants were required to

pay a portion of Oddo's bill from local school district funds which caused them resulting monetary damages.

The second counterclaim alleges that plaintiff established a "special fund" bank account, used as a depository of miscellaneous funds which properly belonged to the school district or other funding authorities, which was created without the knowledge, authority or approval of district officials. Defendants state that they are entitled to an accounting by plaintiff of the deposits and expenditures from the fund and request a judgment against plaintiff for any funds properly belonging to the school district.

## QUESTIONS PRESENTED

1.) Do the counterclaims state a cause of action?

2.) Does the court have jurisdiction over the two counterclaims asserted?

## CONCLUSIONS OF LAW

1.) *The counterclaims do state a cause of action.*

 The court, in considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), must take as true the allegations of the non-moving party. *Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967). The first counterclaim alleges that defendants incurred monetary damages as a result of plaintiff's mishandling of funds. The contention that this allegation does not state a claim upon which relief may be granted is ludicrous. There is a cause of action whenever one party acts wrongfully with the proximate result of damages to another party. *See, e. g.,* 8 Am.Jur.2d *Bailments* § 106 (1963). The second counterclaim is similarly cognizable. *See, e. g.,* 1 Am. Jur.2d *Accounts and Accounting* § 44 (1962). *See generally* 5 *Wright & Miller, Federal Practice and Procedure* § 1358 (1969).

2.) *The court does have jurisdiction over the counterclaims.*

██ ██ Fed.R.Civ.P. 13(a) states that a party is compelled to "state as a counterclaim any claim . . ." which a pleader has against an opposing party "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . .." It is well settled that a compulsory counterclaim falls within the ancillary jurisdiction of a federal court and therefore does not require an independent basis for federal subject matter jurisdiction. *See Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.,* 426 F.2d 709 (5th Cir. 1970); *Great Lakes Rubber Corp. v. Herbert Cooper Co.,* 286 F.2d 631 (3d Cir. 1961); *Dery v. Wyer,* 265 F.2d 804 (2d Cir. 1959); *United Artists Corp. v. Masterpiece Productions, Inc.,* 221 F.2d 213 (2d Cir. 1955). Fed.R.Civ.P. 13(b) permits a party to "state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." These permissive counterclaims must be supported by independent grounds of federal jurisdiction. *See* Revere Copper & Brass, *supra*; United Artists, *supra*. It is both apparent and admitted that there is no independent jurisdictional base for the counterclaims here asserted; the principal question therefore is whether the claims asserted by way of counterclaim arise from the transaction or occurrence that is the subject matter of plaintiff's claim.

 It is now well accepted that the words "transaction or occurrence" as used in Fed.R.Civ.P. 13(a) and 13(b) should be given a liberal interpretation in order to accommodate the competing policies involved in Fed.R.Civ.P. 13—adjudication of all disputes between the parties in one action against the need to prevent undue complication of lawsuits. *Albright v. Gates,* 362 F.2d 928, 929 (9th Cir. 1966); United Artists, *supra,* at 216. The most widely endorsed

standard employed by the courts in interpreting the transaction or occurrence test is to inquire whether there is a "logical relation" between the claim and the counterclaim. *Moore v. New York Cotton Exchange,* 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). *See also* cases collected in 6 *Wright & Miller, supra,* at § 1410 n. 45. The United States Court of Appeals for the Third Circuit has held that:

> * * * a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. When multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and economy require that the counterclaimant be permitted to maintain his cause of action. Indeed the doctrine of *res judicata* compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently.

Great Lakes Rubber Corp., *supra,* at 634, *quoted with approval in Diamond v. Terminal Ry. Ala. State Docks,* 421 F.2d 228, 236 (5th Cir. 1970).

If the matters asserted in the instant counterclaims were to be considered in separate trials, there would be a substantial duplication of effort and time by both parties and courts, for evidence leading to plaintiff's non-retention would have to be considered in each action. The factual issues are similar and are offshoots of the same basic controversy. Considerations of convenience and economy therefore require that all matters asserted herein be tried in a single action. The counterclaims are compulsory in nature.

The motion is denied.

And it is so ordered.