## SUN SHIPBUILDING & DRY DOCK CO.
### v.
## VIRGINIA ELECTRIC AND POWER COMPANY, and Stone & Webster Engineering Corporation.
### Civ. A. No. 74–1804.

United States District Court,
E. D. Pennsylvania.

Oct. 9, 1975.

See also, D.C., 389 F.Supp. 568.

John J. Runzer, Philadelphia, Pa., for plaintiff.

Thomas A. Masterson, Philadelphia, Pa., for Virginia Electric and Power.

G. Wayne Renneisen, Philadelphia, Pa., for Stone & Webster.

### MEMORANDUM AND ORDER

CAHN, District Judge.

Plaintiff, Sun Shipbuilding & Drydock Co. ("Sun Ship"), filed suit on June 24, 1975, against Virginia Electric and Power Company ("Vepco") and Stone & Webster Engineering Corporation ("Stone & Webster") on four separate counts. In count one, Sun Ship avers that it is the victim of a defamatory statement[1] which is libelous per se, because it impugns plaintiff's honesty in reporting non-destructive test results. The alleged defamatory material is a quotation from a report by Vepco's engineer, Stone & Web-

---

1. The defamatory statement is pleaded as follows: "[T]he disparity between the extensive [non-destructive testing] inspection reports provided by Sun Ship in accordance with the contract requirements . . . and the extensive weld defects discovered . . . clearly indicate that no reliance could be placed upon the reported results of non-destructive examination by Sun Ship."

ster, to a governmental agency. Count two avers that the same statement is libelous per se, because it impugns Sun Ship's competence to perform non-destructive tests. Count three incorporates the same allegedly defamatory statement by reference and further avers that it was made with actual malice toward the plaintiff. Count four pleads that both defendants conspired to place the blame upon Sun Ship for their own errors, omissions and problems relating to the construction of a nuclear generating project. Plaintiff claims damages of $10,000,000 on each of counts one, two and four and $50,000,000 in punitive damages on count three.

The within action is connected to another dispute involving the same parties which is in litigation in the Eastern District of Virginia.[2] There, Vepco has sued Sun Ship for breach of contract. Under that contract Sun Ship was to construct for Vepco six steam generator supports and six reactor coolant pump supports. In that action Vepco seeks repayment of $3,210,660 paid to Sun Ship for defective and nonconforming supports, reimbursement for the costs of repairs to the alleged defective and nonconforming supports and damages for delay. The total claims pleaded by Vepco in that action amount to $152,000,000. Stone & Webster was made a third-party defendant in the proceedings in the Eastern District of Virginia by Sun Ship.

Vepco and Stone & Webster have moved to dismiss or stay the action in the Eastern District of Pennsylvania on the ground that the cause of action must be filed as a mandatory counterclaim in the action in the Eastern District of Virginia in accordance with Fed.R.Civ.P. 13(a).[3] In the alternative, both defendants request that the case be transferred to the Eastern District of Virginia pursuant to 28 U.S.C.A. § 1404(a).[4]

Under rule 13(a), if Sun Ship's claim for defamation and conspiracy "arises out of the transaction or occurrence that is the subject matter of" Vepco's claim against Sun Ship, then the complaint in this action is subject to dismissal, because it must be brought as a compulsory counterclaim in the action in the Eastern District of Virginia. I, therefore, must analyze whether the defamation and conspiracy claims arise out of the dispute pertaining to the construction of the supports for the steam generator and reactor coolant pumps.

Prior to the adoption of rule 13(a), the Supreme Court, in *Moore v. N. Y. Cotton Exchange,* 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926), had occasion to approach this problem in the context of Equity Rule 30 which required "any counterclaim arising out of the transaction which is the subject-matter of the suit . . . " to be pleaded responsively. In *Moore,* the plaintiff sought equitable relief for alleged antitrust

2. The pleadings and opinions filed in Virginia Electric and Power Company v. Sun Shipbuilding & Dry Dock Co., Civil Action No. 74–0483–R, in the United States District Court for the Eastern District of Virginia, Richmond Division, were attached as exhibits to the defendants' motions in the within case and the court, in the absence of objection, has considered those documents.

3. Fed.R.Civ.P. 13(a) reads as follows: *"Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any oposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication

the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13."

4. 28 U.S.C.A. § 1404(a) reads as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

violations, and the defendant counterclaimed to enjoin the plaintiff from purloining cotton quotations. Moore contended that the court lacked jurisdiction over the subject matter of the counterclaim. It was held that the court had jurisdiction because Equity Rule 30 required the counterclaim to be pleaded responsively since it arose out of the transaction originally sued upon. Rule 13(a) is broader in scope than Equity Rule 30 because of the addition of the words "or occurrence" after the word "transaction". Ever since the *Moore* case and the adoption of rule 13(a) the courts have expressed a liberal tendency to treat counterclaims as compulsory. The reason for this is to discourage duplication of trial and pretrial efforts.[5] This tendency towards liberality has been approved in *Great Lakes Rubber Corporation v. Herbert Cooper Co.*, 286 F.2d 631 (3d Cir. 1961) where it was held at page 634:

> "We have indicated that a counterclaim is compulsory if it bears a 'logical relationship' to an opposing party's claim. *Zion v. Sentry Safety Control Corp.*, 3 Cir., 1958, 258 F.2d 31. See also *United Artists Corp. v. Masterpiece Productions, Inc.*, 2 Cir., 1955, 221 F.2d 213, 216. The phrase 'logical relationship' is given meaning by the purpose of the rule which it was designed to implement. Thus, a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations

of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action. Indeed the doctrine of *res judicata* compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently."

At oral argument counsel for all parties acknowledged that truth is a defense to the counts relating to defamation. Therefore, if the action remains in this court, the burden will be on the defendants to prove that there were extensive weld defects which were not reported following testing by Sun Ship. This is essentially the same burden Vepco faces in the action in the Eastern District of Virginia. There, if Vepco proves that the many welds performed by Sun Ship are defective and violate the provisions of the contract, it will have made out its case on the liability issue. Also, the issue of who is responsible for the errors, omissions and problems in the construction of the supports for the nuclear generating station is in issue in the Eastern District of Virginia, and thus the conspiracy allegation in count four of the complaint, *sub judice*, arises out of that contractual dispute. While the issue of malice in count three of the within complaint is not in issue in the Eastern District of Virginia, the outcome of the contractual dispute will have a bearing of whether malice is established.

A similar approach was taken in *Albright v. Gates*, 362 F.2d 928 (9th Cir. 1966) where one Clark sued the Albrights for slander in regard to Clark's oil security selling operations. The Albrights counterclaimed against Clark to recoup the price paid for the alleged worthless oil rights or securities sold to them. Initially the district court permitted the addition of new defendants under the

---

5. 3 Moore's Federal Practice § 13.13 at p. 13–299 states: "And since the exceptions stated in Rule 13(a) to the general requirement of compulsory counterclaim adequately safeguard a party, courts should give the phrase 'transaction or occurrence that is the subject matter' of the suit a broad realistic interpretation in the interest of avoiding a multiplicity of suits."

counterclaim, none of which had previously been parties in the case. Thereafter, the district court let the counterclaim stand as to Clark but dismissed it as to the new defendants. The Ninth Circuit, after authorizing an interlocutory appeal, reversed and held that the counterclaim for the price paid for worthless oil rights to the action in slander was compulsory under rule 13(a) both as to Clark and as to the new parties.

It appears that the controversy in this case between Sun Ship and Vepco is logically related to the construction of the supports for the nuclear generating station. Since similar facts must be produced in both actions, and in light of the liberality with which Fed.R.Civ.P. 13(a) is construed, the within case must be dismissed, subject to the condition that Vepco and Stone & Webster will, for the purposes of raising the statute of limitations as a defense, consider in the Eastern District of Virginia action that the counterclaim was filed as of June 24, 1975.