**R. J. WILLIAMS COMPANY, Richard J. Williams, and Fireman's Fund Insurance Company, Plaintiffs,**

v.

**The FORT BELKNAP HOUSING AUTHORITY, Defendant.**

**No. CV–80–104–GF.**

United States District Court, D. Montana, Great Falls Division.

Sept. 29, 1981.

---

Bruce P. Babbitt, Ferguson & Burdell, Seattle, Wash., Jack L. Lewis, Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for plaintiffs.

Francis X. Lamebull, Harlem, Mont., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

This action was spawned by a contractual dispute between the Fort Belknap Housing Authority [hereinafter "Housing Authority"] and Richard J. Williams, individually, R. J. Williams Company, and Fireman's Fund Insurance Company. In October 1976, the Housing Authority contracted with Williams Brothers Building Contractors for the construction of 50 mutual help, single family houses on the Fort Belknap Indian Reservation pursuant to Montana Project 10–10. The contract documents provided that Williams Brothers Building Contractors would execute a performance bond to the Housing Authority in the sum of $1,888,256. The bond was thereafter executed and delivered to the Housing Authority, with Richard J. Williams signing in his individual capacity for Williams Brothers Building Contractors and Fireman's Fund Insurance Company signing as surety.

Toward the completion of the project, in March 1980, warranty disputes arose between the parties. As a consequence of these disputes, an attorney for the Housing Authority applied to the Fort Belknap Tribal Court for an order to attach approximately $60,000 worth of property owned by Richard J. Williams and R. J. Williams Company and located upon the Fort Belknap Indian Reservation. The Tribal Court ordered the property attached. The plaintiffs, who were the defendants in the Tribal Court action, moved with supporting briefs to quash the order of attachment and to dismiss the underlying complaint.

Prior to the Tribal Court ruling upon the motion to dismiss and motion to quash writ of attachment, Richard J. Williams, individually, R. J. Williams Company, and Fireman's Fund Insurance Company filed in this court their complaint and application for preliminary injunction against the Housing Authority and Fort Belknap Tribal Court for the alleged wrongful attachment of their property in the Tribal Court proceedings.

Subsequent to the filing of a motion to dismiss for lack of personal and subject matter jurisdiction by the Housing Authority and the Tribal Court, and after hearings on jurisdiction, this court held, by its findings of fact and conclusions of law dated March 2, 1981, that it has both federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332, over the Housing Authority, but lacked jurisdiction over the Tribal Court. The Housing Authority now seeks leave of court to file its amended answer and counterclaim against the plaintiffs and to add Williams Brothers Building Contractors as a party to this action. The counterclaim alleges the failure of the plaintiffs and Williams Brothers Building Contractors to fully comply with the contract documents or see that they were complied with in completing various "punchlist" and warranty items for Montana Project 10–10.[1]

Plaintiffs oppose the counterclaim on the grounds that it is not compulsory under Rule 13(a), Federal Rules of Civil Procedure, and is therefore not within the ancillary jurisdiction of this court. Plaintiffs further contend that Williams Brothers Building Contractors is a non-necessary party to the suit whose joinder would oust this court of its diversity jurisdiction.[2]

The Housing Authority counters by arguing that the counterclaim is compulsory and

---

1. The "punchlist" is a categorization of various items needing repair or replacement in the individual housing units of Montana Project 10–10.

2. The parties to this lawsuit are as follows: Plaintiff R. J. Williams Company and Richard J. Williams are citizens of the State of Washington.

Plaintiff Fireman's Fund Insurance Company is a citizen of the State of California.

Defendant Fort Belknap Housing Authority is an Indian Housing Authority formed under the

within the court's ancillary jurisdiction, and that the court may therefore join Williams Brothers Building Contractors as a party to this suit pursuant to Rule 13(h), Fed.R. Civ.P. The Housing Authority asserts that the counterclaim against the plaintiffs and Williams Brothers Building Contractors for failure to complete Montana Project 10–10 as proscribed is logically related to the attachment of plaintiffs' property in the Tribal Court. The Housing Authority argues that Williams Brothers Building Contractors is a partnership of which Richard J. Williams is a member, and that both Richard J. Williams, individually, and R. J. Williams Company acknowledged, via correspondence, their responsibility for the completion of the punchlist for Montana Project 10–10. Because Montana Project 10–10 was not completed as Richard J. Williams and R. J. Williams Company had acknowledged, their property was subsequently attached by order of the Tribal Court.

This court is desirous of avoiding a multitude of lawsuits upon claims which appear to be related. Therefore, the court finds that the counterclaim filed by the Housing Authority is compulsory and ancillary to the plaintiffs' claim, and that Williams Brothers Building Contractors is a party needed for a just adjudication of the pending lawsuit.

DISCUSSION

A. *Compulsory Nature of the Counterclaim*

Rule 13(a), Fed.R.Civ.P., states in relevant part:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim

and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

A compulsory counterclaim under Rule 13(a) is one which arises out of the same transaction or occurrence that is the subject of the opposing party's claim. The phrase "transaction or occurrence" has been broadly interpreted to only require a logical relationship between the two claims. *See Baker v. Gold Seal Liquors*, 417 U.S. 467, 469 fn. 1, 94 S.Ct. 2504, 2506, fn. 1, 41 L.Ed.2d 243 (1974), *citing Moore v. New York Cotton Exchange*, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). *Accord, United States for the Use and Benefit of D'Agostino Excavators, Inc., v. Heyward-Robinson Co.*, 430 F.2d 1077 (2nd Cir. 1970); *H. L. Peterson Co. v. Applewhite*, 383 F.2d 430 (5th Cir. 1967); *Union Paving Co. v. Downer Corp.*, 276 F.2d 468 (9th Cir. 1960); *United Artists Corp. v. Masterpiece Productions, Inc.*, 221 F.2d 213 (2nd Cir. 1955).

When the counterclaim is compulsory, it falls within the ancillary jurisdiction of the court and does not require an independent basis of federal subject matter jurisdiction. *Baker v. Gold Seal Liquors, supra*, 417 U.S. at 469, fn. 1, 94 S.Ct. at 2506 fn. 1; *United States for the Use and Benefit of D'Agostino Excavators, Inc. v. Heyward-Robinson Co., supra*. The primary purpose of ancillary jurisdiction is to promote judicial economy by allowing the adjudication of related claims in a single action. As the Third Circuit stated in the leading case of *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631 (3rd Cir. 1961):

[T]he issue of the existence of ancillary jurisdiction and the issue as to whether a counterclaim is compulsory are to be an-

---

authority of the United States Housing Act of 1937 (42 U.S.C. §§ 1437 *et seq.*) and is a citizen of the State of Montana, whose powers, duties and authority are circumscribed by Title 24 C.F.R. § 804 (Department of Housing and Urban Development Indian Housing).

The citizenship of Williams Brothers Building Contractors is unclear. Plaintiffs assert that it is a joint venture between two Montana corporations, G. R. Construction Company and

Havre Redi-Mix Concrete Company, and that joinder would destroy perfect diversity of citizenship mandated by *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

Conversely, the Housing Authority maintains that Williams Brothers Building Contractors is a partnership between Richard J. Williams, Thomas Williams and Gary Williams, all of whom are citizens of Washington, thus preserving perfect diversity.

swered by the same test. It is not a coincidence that the same considerations that determine whether a counterclaim is compulsory decide also whether the court has ancillary jurisdiction to adjudicate it. The tests are the same because Rule 13(a) and the doctrine of ancillary jurisdiction are designed to abolish the same evil, viz., piecemeal litigation in the federal courts. *Id.* at 633–34.

Based upon the foregoing authority, this court is of the opinion that the counterclaim filed by the Housing Authority is compulsory and therefore ancillary to the plaintiffs' claim for wrongful attachment of property. Williams Brothers Building Contractors contracted with and executed a performance bond to the Housing Authority to build 50 houses as part of Montana Project 10–10. Correspondence between the Housing Authority, and Richard J. Williams and R. J. Williams Company reveals that the latter acknowledged their obligation and duty to complete the warranty and punchlist items for Montana Project 10–10. The attachment of the plaintiffs' property, which is the subject matter of the plaintiffs' claim, arose out of the alleged failure of the plaintiffs to complete the warranty and punchlist items. Thus, there is sufficient identity of the events surrounding the two claims to put the whole together as a transaction. The result certainly avoids multiplicity of lawsuits and duplication of judicial effort. *Albright v. Gates,* 362 F.2d 928, 929 (9th Cir. 1966).

B. *Addition of Williams Brothers Building Contractors as a Party Needed for Just Adjudication*

Rule 13(h), Fed.R.Civ.P., provides: "Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." The Housing Authority seeks to have Williams Brothers Building Contractors joined pursuant to Rule 19, Fed.R.Civ.P. Rule 19(a) states in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of his claimed interest.

The United States Supreme Court has identified four interests that are relevant to questions of joinder under Rule 19: (1) the plaintiff's interest in having a forum; (2) the defendant's wish to avoid multiple litigation or sole responsibility for a liability he shares with another; (3) the interest of the outsider; and (4) the interest of the courts and the public in complete, consistent, and efficient settlement of controversies. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 109–11, 88 S.Ct. 733, 737–38, 19 L.Ed.2d 936 (1968). Further, a court must protect the interests of the parties not before it to avoid possible prejudicial effect; failure of a court to protect those interests by joinder may amount to a violation of due process. *Id.* at 123, 88 S.Ct. at 745.[3]

In the pending situation, the court is presented with a unique problem: the composition of Williams Brothers Building Contractors. If Williams Brothers Building Contractors is in fact a partnership of which Richard J. Williams is a member, or

---

**3.** In *Provident Tradesmens Bank & Trust Co. v. Patterson, supra,* the Supreme Court implied that failure to protect an outsider's potential interests may involve an issue of due process:

Neither Rule 19, nor we, today, mean to foreclose an examination in future cases to see whether an injustice is being, or might be, done to the substantive, or, for that matter, constitutional rights of an outsider by proceeding with a particular case.

*Id.* at 123, 88 S.Ct. at 745.

is in fact R. J. Williams Company, as is argued by the Housing Authority, then it does have an interest in the property attached and should be joined in order to adequately protect that interest. If Williams Brothers Building Contractors is not solely owned by Richard J. Williams or is not in fact R. J. Williams Company, as is argued by the plaintiffs, that interest is diminished.

■■■■ This court refuses to jeopardize what interests, if any, Williams Brothers Building Contractors may have in the subject matter of the plaintiffs' claim, i. e., the attached property. Therefore, since the events surrounding the plaintiffs' claim and the Housing Authority's counterclaim are factually similar so that the counterclaim is compulsory and within the court's ancillary jurisdiction, Williams Brothers Building Contractors also falls within the court's ancillary jurisdiction and should be added in the interests of maximum judicial efficiency and economy. *Albright v. Gates, supra,* 362 F.2d at 929. Accordingly, this court finds that Williams Brothers Building Contractors is a party needed for a just adjudication of the lawsuit pursuant to Rule 19(a)(2)(i), Fed.R.Civ.P.[4]

### CONCLUSION

The court holds that the counterclaim filed by the Housing Authority is compulsory under Rule 13(a), Fed.R.Civ.P., and falls within the court's ancillary jurisdiction. Further, the court holds that Williams Brothers Building Contractors is a party needed for a just adjudication.

Accordingly, it is hereby ORDERED and ADJUDGED that the defendant, the Fort Belknap Housing Authority, be granted leave to file its amended answer and counterclaim, such counterclaim being compulsory and within this court's ancillary jurisdiction.

---

**4.** Since the counterclaim is compulsory, the citizenship of Williams Brothers Building Contractors is irrelevant. *See* note 2, *supra.* It is well settled that the fact that an additional party may destroy diversity of citizenship does not deprive the court of its jurisdiction. Thus, a defendant may join parties to a counterclaim against the plaintiff even though they are citi-

It is further ORDERED that Williams Brothers Building Contractors be joined in this proceeding, pursuant to Rule 19, Fed.R. Civ.P., as a party needed for a just adjudication.

zens of the same state as the defendant. *See H. L. Peterson Co. v. Applewhite, supra; Union Paving Co. v. Downer, supra; United Artists Corp. v. Masterpiece Productions, Inc., supra.* Therefore, the joinder of Williams Brothers Building Contractors as a party to this suit does not oust this court of its jurisdiction.