**FOUR SEASONS SOLAR PRODUCTS CORPORATION, Plaintiff,**

v.

**SUN SYSTEM PREFABRICATED SO-LAR GREENHOUSES, INC., Robert Kaplan and Glenn Kaplan, Defendants.**

No. CV 82–1241.

United States District Court,
E.D. New York.

March 19, 1983.

Posnack, Roberts, Cohen & Spiecens, New York City, for plaintiff; Allan Roberts, New York City, of counsel.

Hayt, Hayt & Landau, Great Neck, N.Y., for defendants; Clifford J. Chu, Great Neck, of counsel.

*Memorandum of Decision and Order*

MISHLER, District Judge.

Plaintiff commenced this action on May 6, 1982 alleging (1) copyright infringement, (2) false designation of origin, and (3) unfair competition. Plaintiff's motion for a preliminary injunction against the continued printing and distribution of certain advertising catalogs was denied by this court in a Memorandum of Decision and Order dated June 11, 1982, *aff'd*, 714 F.2d 113 (2d Cir.1982). The facts of this case are set out fully in that Memorandum of Decision and Order. Defendants now move for leave of the court to file an amended and supplemental verified answer with counterclaims, and to join, as counterclaim defendants, persons not now before the court.

DISCUSSION

I. *Leave to Amend with Counterclaims*

Defendants' answer was filed on August 20, 1982. In or about November 1982, defendants claim that plaintiff and counterclaim defendants communicated with one of defendants' vendors and stated they would institute a patent infringement action against said vendor.[1] This alleged communication is the basis of defendants' first through fourth and seventh counterclaims.[2]

Fed.R.Civ.P. 15 provides in pertinent part:

(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

(d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions of occurrences or events which have happened since the date of the pleading sought to be supplemented.

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court ..." and "leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Fed.R.Civ.P. 13 provides in pertinent part:

(e) Counterclaim Maturing or Acquired After Pleading. A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading.

(f) Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.

■ Rule 13(e) contains none of the restrictions on granting leave specified in Rule 13(f). As noted above, defendants' first through fourth and seventh counter-

---

1. In their Amended and Supplemental Answer at ¶ 26, defendants stated:

   the plaintiff and counterclaim defendants wrote or caused to be written, a communication to [defendants'] vendor, manufacturer and supplier of gaskets, and other rubber products, informing said vendor, manufacturer and supplier that the plaintiff had an application pending for a patent on its die to produce gaskets ... and that upon grant of the patent ... plaintiff would institute an action against the manufacturer for patent infringement.

2. Defendants assert eight counterclaims in their proposed amended supplemental answer. The first and second counterclaims were instituted under the provisions of sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, for violation of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, respectively; the third and fourth counterclaims allege anti-competitive practices in violation of N.Y.Gen.Bus.L. § 340 (McKinney 1968); the fifth counterclaim alleges tortious interference with business; and the seventh counterclaim alleges tortious interference with contract.

claims were acquired after the August filing of their answer. Thus, Rule 13(c) applies to these supplemental counterclaims. The purpose of a supplemental pleading is to bring a controversy up to date. 3 Moore's Federal Practice, ¶ 15.16[1], 15–240 (2d ed. 1978). The liberal amendment policy of Rule 15(a) applies to supplemental pleadings. *McHenry v. Ford Motor Co.,* 269 F.2d 18, 25 (6th Cir.1959); *Camilla Cotton Oil Company v. Spencer Kellogg and Sons, Inc.,* 257 F.2d 162, 167 (5th Cir.1958); *Weisbord v. Michigan State University,* 495 F.Supp. 1347, 1350 (W.D. Mich.1980). Therefore, to the extent that the court has subject matter jurisdiction over the supplemental counterclaims, (discussed, *infra* ), leave to assert those counterclaims is granted.

■ Defendants' fifth counterclaim alleges tortious interference with business. This claim is based upon a letter written by plaintiff's marketing director to several of defendants' advertisers. Defendants admit knowing of this correspondence prior to filing their answer. Thus, the counterclaim arising therefrom is an omitted rather than a supplemental counterclaim.[3]

As noted earlier, Rule 13(f) permits the court to grant leave to assert omitted counterclaims "when justice requires." Fed.R. Civ.P. 13(f). If a counterclaim is compulsory under Fed.R.Civ.P. 13(a), it must be pleaded or it is thereafter barred. *Baker v. Gold Seal Liquors Co.,* 417 U.S. 467, 469, 94 S.Ct. 2504, 2506, 41 L.Ed.2d 243 (1974); 3 Moore's Federal Practice at ¶ 13.13. Rule 13(a) provides that a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...." Construing Rule 13(a) broadly, this Circuit has held that a counterclaim is compulsory if it bears a logical relationship to the main claim. *United States v. Aquavella,* 615 F.2d 12, 22 (2d Cir.1979).

Here, defendants' fifth counterclaim alleges interference with defendants' business. Such interference is claimed to be part of plaintiff's overall scheme to monopolize the prefabricated greenhouse market. This counterclaim is similar to the one made in *United Artists Corp. v. Masterpiece Productions, Inc.,* 221 F.2d 213, 216 (2d Cir. 1955), discussed *infra.* We conclude, based on the reasoning of *United Artists,* that defendants' fifth counterclaim is compulsory. Since this counterclaim will be forever barred if it is not asserted in this action, justice requires that leave be granted to assert the fifth counterclaim.

## II. *Jurisdiction Over Counterclaims*

■ Subject matter jurisdiction over the main action is predicated on federal question jurisdiction. 28 U.S.C. § 1331. Some of defendants' counterclaims arise under federal law and others under state law.[4] A basis for subject matter jurisdiction is required for the state law counterclaims. Ancillary jurisdiction supplies a basis for jurisdiction over those state law counterclaims which are compulsory under Rule 13(a). *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. at 468, 94 S.Ct. at 2506. However, as to the counterclaims which are permissive under Rule 13(b), an independent jurisdictional basis is required. *United States v. Heyward-Robinson Co.,* 430 F.2d 1077, 1080–81 (2d Cir.1970), *cert. denied,* 400 U.S. 1021, 91 S.Ct. 582, 27 L.Ed.2d 632 (1971).

Fed.R.Civ.P. 13(a) provides in relevant part:

Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against that opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does

**3.** Defendants' sixth and eighth counterclaims also arose from events which occurred prior to the filing of the answer and thus are omitted counterclaims. For the reasons discussed at pp. 294–295, *infra,* leave to assert the sixth and eighth counterclaims is denied.

**4.** Defendants' first and second counterclaims arise under various provisions of federal antitrust law. See note 2, *supra.* The third through eighth counterclaims are based on state law.

not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

"In determining whether a claim 'arises out of the transaction ... that is the subject matter of the opposing party's claim,' this Circuit generally, has taken a broad view, not requiring 'an absolute identity of factual backgrounds ... but only a logical relationship between them.'" *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir.1979) (quoting *United Artists Corp. v. Masterpiece Productions, Inc.*, 221 F.2d 213, 216 (2d Cir.1955)); *see Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926). *See also*, 3 Moore's Federal Practice at ¶ 13.13. Thus, the question before the court is whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir.1978).

Defendants allege in their first through fifth and seventh counterclaims that plaintiff has instituted this action and has carried out subsequent acts, with the aid of the additional counterclaim defendants, as part of an "overall scheme to eliminate [defendants] as competitors in the prefabricated greenhouse market." Memorandum of Law in Support of Defendants' Motion, at 9.

■ In *United Artists Corp. v. Masterpiece Productions, Inc.*, 221 F.2d at 216, the Second Circuit held that a counterclaim alleging unfair trade practices and conspiratorial activities was logically related to an action for copyright infringement, and was, therefore, a compulsory counterclaim.

In applying Fed.R.Civ.P. 13(a), the court noted that " '[t]ransaction is a word of flexible meaning. It may comprehend a series of many occurrences depending not so much upon the immediateness of their connection as upon their logical relationship.'" *Id.* at 216 (quoting *Moore v. New York Cotton Exchange*, 270 U.S. at 610, 46 S.Ct. at 371). United Artists' lawsuit was alleged to be "one of a series of harassing maneuvers designed to inferfere with defendant's ... rights." *United Artists*, 221 F.2d at 216. Likewise, in the action before us, defendants allege a series of acts designed not only to interfere with defendants' business, but to eliminate them from the prefabricated greenhouse market. We find that the amended and supplemental answer and counterclaims "disclose a sufficient logical relationship so that, in the interest of avoiding circuity and multiplicity of action, the counterclaim[s] should be considered compulsory." *Id.*

■ Since jurisdiction over compulsory counterclaims is ancillary to the original jurisdiction of the district court, *Baker v. Gold Seal Liquors Co., supra, Moore v. New York Cotton Exchange, supra*, no independent jurisdictional basis for the first through fifth and the seventh counterclaims need be shown. This ancillary jurisdiction extends to the additional counterclaim defendants. *United Artists, supra*, at 217. Thus, Mel Wachsstock and Christopher Esposito may be joined as counterclaim defendants pursuant to Fed.R.Civ.P. 13(h).[5]

■ Defendants' sixth counterclaim alleges libel.[6] In *Harris v. Steinem*, 571 F.2d 119, 124 (2d Cir.1978), the court deter-

---

5. Fed.R.Civ.P. 13(h) provides:
   Joinder of Additional Parties. Persons other than those made parties to the original action may be made parties to a counterclaim or cross claim in accordance with the provisions of Rules 19 and 20.
   Fed.R.Civ.P. 20 provides in pertinent part: (a) Permissive Joinder. All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction or

occurrence ... and if any question of law or fact common to all defendants will arise in the action.

6. Defendants allege that plaintiff, by its Marketing Director, Mel Wachsstock, wrote letters to various advertisers used by defendants to market their products. Said letters are alleged to be false and made with reckless disregard for the truth. Defendants' Amended and Supplemental Verified Answer and Counterclaims at ¶ 64.

mined that because defendant's libel counterclaim involved many issues that were not relevant to the main claim,[7] the libel counterclaim was not logically related to the main claim. In this case, plaintiff's claim alleges copyright infringement. As in *Harris*, adjudication of defendants' libel counterclaim would involve issues not material to plaintiff's claim. We follow the Second Circuit's holding that such a libel counterclaim is permissive. Since permissive counterclaims require an independent jurisdictional basis, *United States v. Heyward-Robinson Co.*, 430 F.2d at 1080–81, and since none exists in this case, this court has no jurisdiction to hear the libel counterclaim.

■ Defendants' eighth counterclaim is, in essence, a claim for abuse of process and malicious prosecution. It is well settled that:

> [a] claim in the nature of malicious prosecution, which arises out of the bringing of the main action, generally cannot be asserted either as a compulsory or a permissive counterclaim, since such a claim is premature prior to the determination of the main action.

3 Moore's Federal Practice, ¶ 13.13 at 13–308 (2d ed. 1974); *see also, Solomon v. Bruchhausen*, 305 F.2d 941, 943 (2d Cir. 1962), *cert. denied*, 371 U.S. 951, 83 S.Ct. 506, 9 L.Ed.2d 499 (1963) (claim for abuse of process depends upon outcome of original proceeding). Defendants' motion for leave to assert the eighth counterclaim in the proposed amended and supplemental answer is denied.

## CONCLUSION

Defendants' motion for leave to file an amended and supplemental answer with counterclaims is granted with respect to all counterclaims except the sixth and eighth counterclaims. With respect to the sixth

and eighth counterclaims, the motion is denied, and it is

SO ORDERED.

---

**7.** The court stated that the libel counterclaim involved issues as to whether defendants were public figures, and if so, whether the statements were made with a reckless disregard for the truth, and if not, whether the publications were

made in a "grossly irresponsible manner," and whether the publications were privileged as either court proceedings or as accurate reports of judicial proceedings. *Harris*, 571 F.2d at 124.