Nidia QUINONES, Plaintiff,

v.

Rosemarie NESCIE, Zodiac Realty,
Rosemarie Rinaudo, Old Town
Gardens, Inc., Defendants.

No. 85 CV 3415.

United States District Court,
E.D. New York.

May 15, 1986.

Juan Cartagena, Puerto Rican Legal Defense Fund, New York City, for Nidia Quinones.

Howard File, Staten Island, N.Y., for Nescie and Zodiac.

John F. Hamm, Staten Island, N.Y., for Rinaudo and Old Town.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action for damages and injunctive relief brought under the Civil Rights Act of 1866, 42 U.S.C. §§ 1981–82, the Fair Housing Act of 1968, 42 U.S.C. § 3601 *et seq.*, and the Real Property Law of the State of New York, N.Y.R.P.L. § 236. Plaintiff moves to dismiss all counterclaims brought by defendants Rosemarie Rinaudo and Old Town Gardens, Inc. ("Old Town"). Fed.R.Civ.P. 12(b)(1), (6). In turn, defendants Rinaudo and Old Town move (a) to dismiss the complaint, (b) for leave to file a second amended answer, (c) to strike so much of plaintiff's jury demand as relates to her § 1982 claim, and (d) for an order directing the New York City Commission of Human Rights to produce certain records.

For the reasons set forth below, plaintiff's motion is granted and defendants' motions are denied.

### Facts

In April 1985, plaintiff, Nidia Quinones, a dark-skinned Puerto Rican woman, learned of an apartment vacancy in a building owned by defendants Rinaudo and Old Town. Defendants Nescie and Zodiac Realty are the rental agents for the building.

Plaintiff first contacted defendant Nescie about the vacancy on April 19, 1985.

Plaintiff claims that on April 20, 1985, she was told that the apartment was no longer available. Shortly thereafter, however, plaintiff learned that defendants were continuing to accept applications for the apartment. At plaintiff's insistence, defendants agreed to consider her application. However, defendant Rinaudo ultimately decided to lease the apartment to another applicant, a white, non-Hispanic male with no children.

On April 23, 1985, plaintiff filed a housing discrimination complaint with the New York City Commission on Human Rights. The Commission conducted a fact-finding conference on June 13, 1985. In addition, the Commission conducted settlement discussions during the summer of 1985. Those efforts being unsuccessful, however, and the Commission having rendered no decision by September 1985, plaintiff withdrew her complaint. Thereafter, this action was filed.

Defendants Rinaudo and Old Town have counterclaimed for damages, alleging libel, prima facie tort, malicious abuse of process, and a vague demand for punitive and exemplary damages. Defendants' counterclaims allegedly arise from plaintiff's act of filing this complaint and the complaint before the Human Rights Commission, and from statements made by plaintiff in the course thereof.

### Discussion
#### Defendants' Counterclaims

■ Plaintiff contends that defendants' counterclaims are permissive in nature, and as such, must be dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). I agree.[1]

Rule 13 of the Federal Rules of Civil Procedure creates a distinction between a compulsory counterclaim, which lies within the court's ancillary jurisdiction, and a permissive counterclaim, which requires an independent jurisdictional predicate. See Harris v. Steinem, 571 F.2d 119, 121–22 (2d Cir.1978). Rule 13(a) defines a compulsory counterclaim as one which "arises out of the transaction or occurence that is the subject matter of the opposing party's claim." In determining what constitutes the same transaction or occurence, the Court must "analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Harris v. Steinem, supra, 571 F.2d at 123.

Applying Harris to the facts of this case, I find that defendants' counterclaims are permissive, and, as such, are lacking in an independent jurisdictional predicate.[2] See Four Seasons Solar Products Corp. v. Sun System Prefabricated Solar Greenhouses, Inc., 101 F.R.D. 292, 295–96 (E.D. N.Y.1983); Reeves v. American Broadcasting Companies, Inc., 580 F.Supp. 84, 89 (S.D.N.Y.1983). The main action arises out of defendants' refusal to rent an apartment to plaintiff. The counterclaims arise from plaintiff's filing of this complaint and a complaint before the Human Rights Commission, and from certain statements made by plaintiff in the course of those proceedings. Certainly, the counterclaims raise issues which are not relevant to the main claim, not the least of which is the privileged nature of plaintiff's publications. See Harris v. Steinem, supra, 571 F.2d at 124; Four Seasons Solar Products, supra, 101 F.R.D. at 296.

■ Likewise, as several courts have noted, a claim for malicious abuse of process is premature prior to the determination of the main action. Harris v. Steinem, supra, 571 F.2d at 124; Bach v. Quigan, 5 F.R.D. 34, 36 (E.D.N.Y.1945). Finally, the Court is mindful of the Second Cir-

---

1. Since the counterclaims must be dismissed for lack of subject matter jurisdiction, I need not address plaintiff's argument that the counterclaims fail to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

2. No diversity of citizenship exists.

cuit's admonition that "suits for malicious prosecution, libel or slander, which are based on state law, are best decided by the state courts." *Harris v. Steinem, supra,* 571 F.2d at 125.

■ In short, this Court finds that plaintiff's claim and the counterclaims raised by defendants Rinaudo and Old Town are not so logically connected that they belong in the same lawsuit. Accordingly, the motion to dismiss the counterclaims is granted.[3]

*Plaintiff's Complaint*

■ Defendants Rinaudo and Old Town have moved to dismiss the complaint for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6), and, at least insofar as plaintiff's claim under the New York Real Property Law is concerned, for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1).

Upon consideration, I cannot say at this juncture that "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted). Accordingly, the motion to dismiss the complaint for failure to state a claim is denied.

Defendants also argue, however, that this Court should exercise its discretion and dismiss plaintiff's pendent state claim as bearing little relationship to the underlying federal claims. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139–40, 16 L.Ed.2d 218 (1966) ("*Gibbs*").

■ Clearly, this Court has the power to decide plaintiff's state claim since her federal claims are substantial enough to confer jurisdiction on the Court, and since the federal and state claims derive from a common nucleus of operative fact. *Gibbs, supra,* 383 U.S. at 725, 86 S.Ct. at 1138. The *Gibbs* Court stressed, however, that the

mere existence of the power to hear state claims does not guarantee its exercise in every case:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in consideration of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them.... Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.... [I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139. *See Independent Bankers Association of New York State, Inc. v. Marine Midland Bank, N.A.,* 757 F.2d 453, 463–64 (2d Cir.1985).

■ Upon consideration, I find that, in the interest of judicial economy, convenience and fairness to the litigants, this Court should exercise its pendent jurisdiction over plaintiff's claim under the New York Real Property Law.[4] *Cf. Birdwell v. Hazelwood School District,* 491 F.2d 490, 495 (8th Cir.1974); *Murphy v. 253 Garth Tenants Corp.,* 579 F.Supp. 1150, 1155 (S.D.N.Y.1983). Accordingly, defendants' motion to dismiss plaintiff's state claim for lack of subject matter jurisdiction is denied.

*Jury Demand*

■ Plaintiff and defendants Nescie and Zodiac Realty have demanded a trial by jury. Defendants Rinaudo and Old Town

---

3. Defendants' motion for leave to amend their answer (for the second time) is denied, since the proposed second amended answer adds nothing which would cure the jurisdictional defect.

4. New York Real Property Law § 236 proscribes discrimination in housing against tenants with children.

move to strike the jury demand insofar as it relates to plaintiff's § 1982 claim.

Concededly, neither the Fair Housing Act nor § 1982 of the Civil Rights Act expressly authorize a trial by jury. *See* 42 U.S.C. §§ 1982, 3612. Nonetheless, the Supreme Court has held that the Seventh Amendment applies to actions enforcing statutory rights, and requires a jury trial, upon demand, in a Title VIII action seeking damages for housing discrimination. *Curtis v. Loether,* 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974). This Court can discern no reason why plaintiff should not likewise be afforded a jury trial on her § 1982 claim. *Cf. Green v. Century 21,* 740 F.2d 460, 462–63 (6th Cir.1984); *Rogers v. 66–36 Yellowstone Blvd. Cooperative Owners,* 599 F.Supp. 79, 80 n. 2 (E.D. N.Y.1984). *See also* 4 L. Sand, *Modern Federal Jury Instructions* ¶ 88.01 (1985).

Accordingly, the motion to strike the jury demand is denied.

### Conclusion

█ Plaintiff's motion to dismiss all counterclaims brought by defendants Rinaudo and Old Town is granted. Defendants' motions are denied. This action is hereby referred to the Honorable John L. Caden, United States Magistrate, for settlement and discovery purposes.[5]

SO ORDERED.

---

**5.** Defendants Rinaudo and Old Town have also urged this Court to direct the New York City Commission of Human Rights to produce certain records. However, defendants have offered no information regarding their attempts, if any, to subpoena, request or otherwise procure these files and records from the Commission. Accordingly, this request is denied without prejudice to defendants' right to pursue the matter before Magistrate Caden.