**Helen FRATI and Deborah H. Frati, Plaintiffs,**

v.

**Teresa PRAVEDNEKOW and Richard Pravednekow, Defendants.**

**No. 86 CV 439.**

United States District Court, E.D. New York.

Sept. 16, 1986.

Helen Frati and Deborah H. Frati, New York City, pro se.

Frank Mitchell Corso, P.C., Westbury, N.Y., for defendants.

### MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

In this action based upon diversity of citizenship, plaintiffs have moved under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss defendants' counterclaim. For the reasons discussed below the motion is denied.

These claims arose during a period when the plaintiffs were leasing premises in Plainview, New York from the defendants. Plaintiffs assert that pursuant to a lease agreement entered into in August, 1983, defendants agreed to hold as bailees a box containing plaintiffs' valuable china. The box was delivered to defendants, who allegedly exercised exclusive control over it until defendants redelivered it to plaintiffs on June 2, 1985. Plaintiffs allege that upon inspection they found all of the pieces damaged beyond repair. They have brought

suit seeking actual, special, and punitive damages in excess of $1 million. Jurisdiction is predicated upon diversity of·citizenship: plaintiffs are now New Jersey citizens; defendants are citizens of New York. Defendants have answered, denying plaintiffs' allegations and counterclaiming for damages to the leased premises allegedly caused by plaintiffs. Defendants assert that after plaintiffs discovered that the china was damaged they became abusive toward the defendants and physically damages the leased premises. The counterclaim demands $7,606.50.

Plaintiffs have moved to dismiss the counterclaim, asserting that it is not supported by subject matter jurisdiction. Apparently recognizing that the counterclaim neither raises a federal question nor places an amount in controversy in excess of $10,-000.00, defendants do not contend that it is supported by an independent jurisdictional basis. They argue, however, that it is compulsory in nature and is therefore supported by ancillary jurisdiction.

### Discussion

■ Because the counterclaim is not supported by an independent jurisdictional basis, it may not be heard unless it is within this Court's ancillary jurisdiction. Although the scope of ancillary jurisdiction is not well defined, it is well settled that it supplies a jurisdictional basis for only those counterclaims that are compulsory under Fed.R.Civ.P. 13(a). *See Federman v. Fire Empire & Marine Insurance Co.,* 597 F.2d 798, 811–12 (2d Cir.1979); *Four Seasons Solar Products Corp. v. Sun Systems Prefabricated Solar Greenhouses, Inc.,* 101 F.R.D. 292, 294 (E.D.N.Y.1983); *Mirkin, Barre, Saltzstein, Gordon, Hermann ·& Kreisberg, P.C. v. Noto,* 94 F.R.D. 184, 186 (E.D.N.Y.1982).

Rule 13(a) provides that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." The Second Circuit has noted that there is no accepted test for determining whether a claim meets the requirements of Rule 13(a), but it has listed factors considered indicative of the compulsory nature of a counterclaim: whether there is 1) an identity of facts, 2) mutuality of proof, and 3) a logical relationship between the claim and counterclaim. *Federman, supra,* 597 F.2d at 812.

■ Relying on these factors, and mindful of the fact that the Second Circuit takes a broad view of Rule 13(a), *see United States v. Aquavella,* 615 F.2d 12, 22 (2d Cir.1979), I conclude that the claim and counterclaim arise out of the same transaction or occurrence for the purpose of invoking ancillary jurisdiction. First, because the bailment and lease were provided for in the lease agreement,[1] the rights and duties of each party flow in least in part from that document. Second, defendants' assertion that plaintiffs damaged the leased premises in retaliation for the damage to the china indicates a relationship between the events that form the basis of the two claims. I recognize that the two claims involve several different issues of law and fact. Other factors predominate, however. Here, where the two claims involve the same parties, are traceable to an agreement executed by them, and concern conduct that occurred at the same place and within a short time span, I find that "considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem,* 571 F.2d 119, 123 (2d Cir.1978).

Accordingly, I conclude that defendants' counterclaim is compulsory in nature and is

---

**1.** Plaintiffs' complaint asserts the bailment was agreed to "pursuant to the lease agreement." Complaint ¶ 8. In their answer, defendants denied this. Answer with Counterclaim ¶ 8. In their memoranda accompanying this motion, the parties point out these inconsistencies and appear to reverse their positions on this issue. *See* Defendants' Memorandum in Opposition to the Motion, at 2; Plaintiffs' Reply Memoran-

dum, at 6. Thus, plaintiffs now apparently suggest no connection between the lease and bailment, while defendants suggest they are connected. For purposes of this motion, the facts are construed in favor of the nonmoving party. *See Interface Biomedical Laboratories Corp. v. Axiom Medical, Inc.,* 600 F.Supp. 731, 735 (E.D.N.Y.1985). The bailment is therefore deemed to arise out of the lease agreement.

supported by ancillary jurisdiction. Plaintiff's motion is therefore denied. The case is hereby referred to the Honorable John L. Caden, United States Magistrate, for the purpose of conducting settlement discussions.

SO ORDERED.